### FOLEY et al. v. HARTLEY et al.

(Circuit Court, D. Nevada. March 2, 1896.)

#### No. 602.

EQUITY PRACTICE—ABATEMENT—PENDENCY OF OTHER SUITS.

One F. died intestate. His widow was appointed administratrix, and
instituted proceedings in a state court for distribution of his estate to
herself and his mother, brothers, and sister, as his heirs. One H., a minor,
intervened by guardian in these proceedings, claiming to be an illegitimate
child of F., recognized as such by F., in writing, in his lifetime, and
claimed one-half of the estate, as F.'s heir. The mother, brothers, and
sister of F. then began a suit in the United States circuit court, before any
jurisdiction of them had been obtained in the state court, to have H.'s
claims declared invalid; but, before they had obtained jurisdiction of H.
in this suit, they appeared in the state court proceedings by an application
to remove the same to the federal court on the ground of diverse citizen-
ship, which application was granted. H. then filed a plea in abatement
of the suit in the federal court, on the ground that jurisdiction of all par-
ties and of the issues raised was first obtained in the proceedings in the
state court. *Held*, that as there was but one issue to be tried, which was
the same in both proceedings, and as all parties were first served or ap-
peared in the proceedings begun in the state court, an order should be
made, in the suit begun in the federal court, suspending all proceedings
therein until the questions raised in the other cause were disposed of, or
until the further order of the court.

W. E. F. Deal, for complainants.

James F. Dennis and Henry Mayenbaum, for respondents.

HAWLEY, District Judge (orally).    On July 26, 1894, M. D. Foley died intestate in Washoe county, Nev.   The value of his estate is estimated and was appraised at over $150,000.   On August 1, 1894, Mrs. Minnie D. Foley, widow of deceased, petitioned the district court of Washoe county for letters of administration, and on the 20th day of August she was duly appointed administratrix of said estate.   On the same day T. V. Julien was appointed an attorney to represent the absent heirs.   On July 12, 1895, the administratrix filed a petition praying for partial distribution of the estate.   In this petition she states the heirs of M. D. Foley, deceased, other than herself, to be Johanna Foley, his mother; John D. Foley, Jeremiah Foley, and Edmund D. Foley, his brothers; and Anna D. Foley, his sister.   August 20, 1895, was set for the hearing of said petition, and due notices thereof were posted as required by law.   On the 13th day of July, 1895, Dr. George H. Thoma filed a petition for letters of guardianship of the person and estate of Vernon Harrison Hartley, a minor, claiming that said minor's estate "consists of an undivided one-half of the estate of M. D. Foley, deceased, to wit, real estate and personal property in said county," and on the same day an order was duly made and entered appointing Dr. Thoma as guardian of said minor's person and estate.   On the 9th day of August, 1895, John D. Foley, his brothers, mother, and sister, who will hereafter be designated as the "nonresident heirs," commenced this suit in the United States circuit court; averring that the claim of the defendants casts a cloud upon their title to the one-half interest of the estate of M. D. Foley, and praying for a decree that said minor, Vernon Harrison Hartley, "does not own, nor is he entitled to have, any part of the estate of said M. D. Foley, deceased, as an heir at law or otherwise, and that your orators are heirs at law of said M. D. Foley, deceased, and as such are entitled to   *   *   * the undivided one-half thereof claimed by said minor," etc.   On the 16th day of August, 1895, Vernon Harrison Hartley, by his guardian, filed in the proceedings pending in Washoe county an answer to the petition of Mrs. M. D. Foley for partial distribution; averring, among other things, "that he, the said minor, is the posthumous and illegitimate child, and the son and offspring, of said M. D. Foley, deceased, and is the son and offspring of his mother, Alice M. Hartley," an unmarried woman; that before his birth his said father, M. D. Foley, deceased, prior to his death, did, in writing signed in the presence of a competent witness, acknowledge himself to be the father of said illegitimate child.   He objects to any distribution to the "non-resident heirs," and prays for a decree that they are not entitled to any part of said estate, and that one-half of said estate be distributed, awarded, and given to said minor child.   On the 17th day of August, 1895, the district court made an order that the 23d day of September, 1895, be appointed for the hearing of the petitions of Mrs. M. D. Foley and

Vernon H. Hartley, and the distribution of the estate, and the usual notices of such hearing were given. With reference to this order, J. F. Dennis, one of the attorneys for the minor heir, testified upon the hearing of the plea in abatement that on the day the order was made he met Mr. Julien, and said that he had ascertained that he (Julien) was an attorney for the absent heirs, and that he (Dennis) was going to appear before the court to have the petition of the minor heir for a partial distribution of Foley's estate set for hearing, and that Julien stated he did not care when it was set down, provided it was distant 30 days; that after some contention "we agreed to set it down upon the day named in the minutes of the court." He also testified that at that time he was aware that the nonresident heirs had filed their bill of complaint, by W. E. F. Deal, their attorney, in the United States circuit court, and that a copy of the subpœna had been served upon Dr. Thoma, guardian of the minor heir, five or six days before the order was made. W. E. F. Deal, counsel for complainants, testified as follows:

"I am the attorney for the Eastern heirs. I was retained as quickly as a letter could go to the place where these parties reside, and an answer be returned. There never has been an attorney for these persons who filed this bill of complaint and a supplemental bill in the matter of this contest, except myself. Mr. Julien was not employed in this matter. He informed them of the fact, and they employed me; and I have been their attorney from the time letters of guardianship were issued, on the 13th day of July, 1895. * * * I learned of it on the 15th. I was appointed to represent them in this contest; and there never has been any other attorney except myself in that matter. * * * I never received any notice of the intention of counsel representing the guardian and the minor that they intended to take any steps to set the petition that I filed for Mrs. Foley for hearing. I never knew it until after it had been done, and it was never Mrs. Foley's intention, or was it mine, to proceed any further with her petition; but the intention always has been to let the heirs take their own course, as their counsel might advise them."

On August 19, 1895, Mrs. M. D. Foley filed in the state court an order dismissing her petition for partial distribution of the estate, and asked that the order theretofore made, "fixing the 23d day of September, 1895, for the hearing of said petition, be set aside and vacated." On September 23, 1895, Mrs. M. D. Foley appeared by her attorney, W. E. F. Deal, and filed a demurrer to the petition of Vernon Harrison Hartley for a distribution of the estate. On the same day the nonresident heirs, complainants herein, appeared specially in the state court, and filed objections to the jurisdiction of the court, and to the hearing, consideration, or determination of the petition of Vernon Harrison Hartley. On the same day a citation was issued to Dr. Thoma, guardian of the minor heir, to testify and exhibit the writing of M. D. Foley acknowledging the minor to be his child, before the court, on the 28th of September, 1895. On the same day complainants herein filed their petition and bond for the removal of the case to the United States circuit court, and the court thereupon made an order of removal as prayed for, and stopped all further proceedings therein. On November 4, 1895, complainants, by leave of the court, filed

a supplemental bill in this case, setting forth the proceedings taken in the state court after the filing of the original bill herein; praying "that it be adjudged and decreed that said Vernon Harrison Hartley is not, and never was, the posthumous or illegimate child, or the son or offspring, or issue or lineal descendant, of said M. D. Foley, * * * and that said M. D. Foley did not at any time prior to his death, in writing signed in the presence of a competent witness, or otherwise, or at all, acknowledge himself to be the father of said Vernon Harrison Hartley, and that said purported written acknowledgment be adjudged and declared to be false, fraudulent, forged, and counterfeited, and null and void, * * * and decreed to be delivered up to be annulled and canceled," etc. On November 5, 1895, the minor child was duly served with process from this court, according to law. On the 29th of November, 1895, G. H. Thoma, guardian, and the minor heir, filed a demurrer to complainants' bills, and on the 2d day of December, 1895, filed their plea in abatement.

Upon these facts, the contention of the guardian and the infant is that this suit should be dismissed because the state court first obtained jurisdiction of all the parties and of the issues raised herein. The contention of the complainants is that this court first obtained jurisdiction of the issue to be tried herein, and of the persons of complainants, and that the trial should be had in this suit.

The law is well settled that the circuit courts and state courts, in certain controversies between citizens of different states, are courts of concurrent and co-ordinate jurisdiction; that the court which first obtains jurisdiction of the parties should retain it until complete relief is afforded within the scope of the issues raised; that neither party can be forced into the other jurisdiction; that the pendency of a former action between the same parties for the same cause of action is pleadable in abatement to a second action, because the latter is regarded as vexatious. Smith v. McIver, 9 Wheat. 532; Shelby v. Bacon, 10 How. 56; Ober v. Gallagher, 93 U. S. 199; Insurance Co. v. Brune's Assignee, 96 U. S. 588, 592; Ward v. Todd, 103 U. S. 327; Heidritter v. Oil-Cloth Co., 112 U. S. 294, 305, 5 Sup. Ct. 135; Coal Co. v. McCreery, 141 U. S. 475, 12 Sup. Ct. 28; Union Mut. Life Ins. Co. v. University of Chicago, 6 Fed. 443; Owens v. Railroad Co., 20 Fed. 10; Williams v. Morrison, 32 Fed. 177; Sharon v. Terry, 36 Fed. 337; Hatch v. Bancroft-Thompson Co., 67 Fed. 802; Foster v. Bank, 68 Fed. 723. The rule in equity is analogous to the rule at law. Insurance Co. v. Brune, 96 U. S. 588, 593; Story, Eq. Pl. § 741. In Foster v. Vassall, 3 Atk. 587, Lord Hardwicke said, "The general rule of courts of equity with regard to pleas is the same as in courts of law, but exercised with a more liberal discretion."

It is admitted that the issues raised herein might have been made in the proceedings pending in the state court for the settlement of the estate of M. D. Foley, deceased. Of this there can be no doubt. In the ordinary administration of the estate, it might become the duty of the state court in that proceeding to

determine who were the legitimate heirs of M. D. Foley, deceased. The only issue raised in this suit is between the nonresident heirs and the minor, Vernon Harrison Hartley; each claiming one-half of the estate, and each admitting that Mrs. M. D. Foley, widow of deceased, is entitled to the other half. The issue of fact in dispute is whether or not M. D. Foley, in his lifetime, in writing, acknowledged Vernon Harrison Hartley to be his son, in the presence of a competent witness. If the nonresident heirs had the right to remove the proceedings in the state court to this court upon the ground of the diverse citizenship of the parties, then there was no necessity of bringing this suit, as the object sought to be attained could have been reached in the proceedings commenced in the state court. If both cases are properly before this court,— and if both are equity cases,—it would seem that no hardship could occur to either of the parties if an order was made that they should be consolidated and tried together. But it may be that the respondents are entitled to a decision as to which is the proper suit or proceeding in which to try the issue of fact. It is apparent that there is but one real issue of fact to be tried, and that it should not be tried and could not be tried in both cases. If the nonresident heirs had not appeared in the state court, it may be that they would have the right to demand that the issue should be tried in this suit, because the state court, at the time this suit was brought, had not obtained any jurisdiction over them; but having thereafter voluntarily appeared in the state court, and filed their petition for removal of that cause or proceeding to this court, and thereby constituted a general appearance, it is now too late for them to claim that the state court had no jurisdiction over them by virtue of the proceeding therein taken. The filing of a petition for removal, and the removal of the cause from the state court to the federal court, amount in law to a waiver of all objections previously made to the jurisdiction of the state court. Railway v. Brow, 13 C. C. A. 222, 65 Fed. 941, and authorities there cited; Bushnell v. Kennedy, 9 Wall. 387, 393. From the facts, it appears that this court first obtained jurisdiction over the persons of complainants herein; but no service of process was made upon the minor heir, so as to obtain jurisdiction over his person, until after the complainants had made an appearance in the state court, which was after that court had obtained jurisdiction over the minor heir. The question, therefore, as to what disposition ought to be made of this plea of abatement, is not entirely free from doubt; and it is somewhat difficult to determine just what order should be made herein, to promote the ends of justice and meet the requirements of the law. One thing is certain: There is no need of but one trial, and the parties should not be required to be and appear in both cases. In 1 Fost. Fed. Prac. § 175, it is said:

"An abatement, in the sense of the common law, is an entire overthrow or destruction of the suit, so that it is quashed and ended. But, in the sense of courts of equity, an abatement signifies only a present suspension of all proceedings in the suit, from the want of proper parties capable of pro-

ceeding therein. At the common law a suit, when abated, is absolutely dead. But in equity a suit, when abated, is (if such an expression be allowable) merely in a state of suspended animation, and it may be revived."

To save any question as to the rights of the parties, it is deemed best to make an order that all further proceedings in this suit be suspended until after the questions raised and pending between the parties thereto in the matter of the estate of M. D. Foley, deceased, be disposed of, or until the further order of this court.