THAYER, Circuit Judge,
after stating the case as above, delivered the opinion of the court.
The plea which was filed by the defendant below, who is the appellee here, shows, we think, with sufficient certainty that the suit at bar and the suit previously brought in the district court of Pitkin county, Colo., by So Relie against Zimmerman, are substantially of the same character, the parties thereto being simply reversed. In the' case pending in the state court So Relie is attempting to quiet his title against Zimmerman, who is claiming title to and possession of the premises in controversy by virtue of a trustee’s deed, executed under a power of sale contained in a mortgage that was made by So Relie; while in the suit at bar Zimmerman seeks to quiet his title and gain possession of the property', by enjoining So Relie from asserting that the sale by the trustee was insufficient to pass the legal title. Both suits concern the same property, and necessarily involve a consideration of the same evidence and a decision of the same questions. Such being the state of facts disclosed by the defendant’s plea, we think that the case pending in the state court was of such a nature that the trial court was not at liberty to proceed with the hearing of the suit at bar, within the doctrine which was recently applied by this court in the case of Merritt v. Steel-Barge Co., 79 Fed. 228. We held in that case that when a suit is brought to enforce a lien against specific property, or to marshal assets, or administer a trust, or liquidate an insolvent estate, and in all other cases of a similar kind where, in the progress of the case, the court may find it necessary or convenient to assume control of the property in controversy, the court which first acquires jurisdiction of such a case by the issuance and service of process is entitled to retain it to the end, without interference on the part of any other court of co-ordinate jurisdiction. We held, further, that a rigid adherence to this rule, both by the federal and state courts, is necessary in order to prevent unseemly conflicts which might otherwise arise. The doctrine in question has been so recently and fully considered both in the case last referred to and in Gates v. Bucki, 12 U. S. App. 69, 4 C. C. A. 116, and 53 Fed. 961, that a further discussion of the subject seems to be unnecessary. It is manifest, we think, that the suit brought in the state court by So Relie against Zimmerman is of such a nature that that court may see fit at any time to issue an injunction against Zimmerman restraining him from prosecuting a suit to recover the possession of the property in controversy in any other forum, and we cannot doubt its right to make such an order; whereas in the case at bar,.if the trial court had permitted it to proceed, it may be that at some stage of the proceedings it would have been found necessary to appoint a receiver of the property to collect the rents thereof, and otherwise care for it, pending the litigation as to the title. Possibly, the state court may deem it proper to make a similar order. The controversy, then, is of such a nature that the pendency of the two suits at the same time, in different jurisdictions, is liable at any moment to create a conflict of authority, and give rise to conflicting titles. Ho court ought to proceed with the hearing of a case under such circumstances so long as the prior suit remains pending and undetermined. We concede, as a matter of *420 course, that two suits, involving the same questions and between the same parties, may be pending at the same time, the one in a state and the other in a federal court, and that in such event a plea of lis pendens may. not be available as a defense to the suit which was last brought. This is always the case where the two suits are strictly in personam. Stanton v. Embrey, 93 U. S. 548. And in Orton v. Smith, 18 How. 263, 265, it was said, in substance, although the question was not strictly involved in that case, that the pendency of a suit in ejectment in one jurisdiction will not serve to stay prosecution of a later suit in ejectment for the same land brought in another court of co-ordinate jurisdiction. But when, as in the case at bar, two suits in chancery are pending between the same parties, the one in a state and the other in a federal court, the object of both suits being to quiet the title to the same tract of land, that court which first acquires jurisdiction by the issue and service of process must be allowed to proceed with the hearing and determination of the case; and, so long as the first suit remains pending and undetermined, the action of the court in which it is pending should not be embarrassed by proceedings taken or orders made in the case which was last brought. Orton v. Smith, supra. It would be manifestly improper, however, to order a dismissal of a second suit because of the pendency of a prior suit between the same parties in those cases where the bringing of the second action was a necessary or proper step, either to create or preserve a lien, or to avoid the bar of the statute of limitations, or to give due notice by lis pendens of the plaintiff’s rights, or to guard against the results of a possible dismissal of the first suit before its determination upon the merits. Heidritter v. Oil-Oloth Go., 112 U. S. 294, 304, 5 Sup. Ct. 135; Gates v. Bucki, 12 U. S. App. 69, 4 C. C. A. 116, and 53 Fed. 961. In all such cases the proper practice is to suspend further action in the second suit until the first suit is tried and determined, instead of dismissing it. Indeed, considering the numerous reasons which may render it advisable and not improper to commence a second suit, although a prior suit is pending in which the plaintiff’s rights may be fully adjudicated, we think it is the better practice in all cases to pursue the course last indicated, when a plea of lis pendens is interposed and sustained. The mere pend-ency of a second suit, if no action is taken therein, does not affect the orderly prosecution of the first suit; and the court is much better able to determine, after the first suit has ended, whether it is necessary or proper to grant further relief in the action which was last brought. In our opinion, therefore, the trial court, when it overruled the demurrer to the plea, should have entered an order staying all further proceedings until the case in the state court was determined, instead of entering a final order of dismissal. It may be that the judgment of the state court will leave some matters at issue between the parties undetermined, which may properly be adjudicated by the federal court. If not, an order dismissing the action should then be entered.
Complaint is further made that the trial court did not allow the plaintiff below to file a reply to the plea, after the demurrer thereto had been overruled. With respect to this contention, it should be ob *421 served that the filing of a demurrer to the plea, instead of setting the plea down for argument, was irregular, and contrary to the established course of procedure in equity. If a party desires to test the sufficiency of a plea, either in form or substance, the proper practice is to set the plea down for hearing. No such proceeding as a demurrer to a plea in equity is recognized. .When a plea is thus set down for hearing, the sole question for determination is whether it is sufficient in form and substance. If the decision on this question is in the affirmative, and the plea goes to the whole bill, the usual order is that the plea “be allowed.” When the plea is thus allowed, the complainant is entitled to take issue with the facts alleged in the plea, and the issue thus raised is the sole question to be tried. Bassett v. Manufacturing Co., 43 N. H. 249, 253, and cases there cited; Davison’s Ex’rs v. Johnson, 16 N. J. Eq. 112; Daniell, Ch. Pl. & Prac. (5th Ed.) pp. 697, 692. Although the practice pursued in the present case was irregular, yet it was not objected to; and, as the irregularity in question does not affect the substantial rights of the parties, it may well be ignored. The filing of a demurrer to the plea was tantamount to setting the plea down for argument, and subserved the same purpose. Klepper v. Powell, 6 Heisk. 503, 506. The filing of the demurrer, therefore, may be treated as the equivalent of setting the plea down for argument, and the order overruling the demurrer may be regarded as, in effect, an order that the plea be allowed. After the plea was thus allowed, the complainant was entitled to take issue with the facts stated in the plea, and the denial of that right was an error on account of which the plaintiff may justly complain. Daniell, Ch. Pl. & Prac. (5th Ed.) p. 697. We have not overlooked the fact that, according to the former practice in equity, it was not usual to set a plea down for argument when, as in this instance, it alleged the pendency of another suit between the same parties, for the same cause of action, the practice in such cases being to move a reference to a master to ascertain the truth of the facts stated in the plea, without setting it down for argument. This practice, however, went upon the theory that a plea that another suit between the parties, for the same cause of action, was pending in the same court, was obviously good in substance, and that, by setting such a plea down for argument, the only question that could be raised was whether the plea was defective in form. Daniell, Ch. Pl. & Prac. (5th Ed.) pp. 637, 692. This rule however, has no bearing on the case at bar. In the case in hand the plea alleged the pendency of a suit in another jurisdiction, to wit, in the state court, and the complainant below was entitled to set the plea down for argument, for the purpose of having it determined whether the pendency of a suit in that forum operated to prevent the federal court from entertaining jurisdiction of the cause during the pendency of the other suit in the foreign jurisdiction. The demurrer raised the question of the sufficiency of the plea in substance, as well as in form; and, by setting the plea down for argument under such circumstances, the complainant cannot be regarded as having waived his right to. take issue with the facts alleged in the plea, provided the same was allowed. The decree of the circuit court is accordingly reversed, and the cause is remanded for further proceedings, not inconsistent with this opinion.