HUGHES v. GREEN et al.

(Circuit Court of Appeals, Eighth Circuit. January 31, 1898.)

No. 914.

1. STATE AND FEDERAL COURTS—DISMISSAL OF STATE-COURT SUIT—SUBSEQUENT SUIT IN FEDERAL COURT.
   That a plaintiff first commenced his action in a state court, and procured its dismissal (leaving him free, under the local statute, to institute it anew), is not a bar to a suit, seeking the same relief, subsequently brought by him in the federal court of the same state, involving matter over which that court has primary and original jurisdiction. 75 Fed. 691, reversed.

2. SAME—CONCURRENT SUITS—SUSPENSION OF PROCEEDINGS IN SECOND SUIT.
   While, as between two suits for the same relief in the enforcement of a lien on specific property, or similar purposes,—one in the state and the other in the federal court,—the one in which process is first issued and served must be allowed to proceed without interference from the other, the practice is not to dismiss, but to suspend action in the second suit until the first is tried and determined.

Appeal from the Circuit Court of the United States for the District of Colorado.

W. J. Roberts (Felix T. Hughes and H. R. Hughes, on brief), for appellant.

T. A. Green, for appellees.

Before SANBORN and THAYER, Circuit Judges, and RINER, District Judge.

RINER, District Judge. This was a suit brought by Felix T. Hughes, the appellant, against Thomas A. Green, Edward B. Green, Thomas A. Green, Jr., Charles H. Green, and Amos V. Green, the appellees, in the circuit court of the United States for the district of Colorado, for an accounting, and to foreclose a mortgage on certain mining property located in Pitkin county, Colo. It is averred in the bill that the mortgage in controversy was executed by the defendant Thomas A. Green, and given to secure the payment of one certain promissory note for the sum of $3,925, and three certain assignments of an interest in a contract for attorney's fees, dated as follows: One for $10,000, dated March 31, 1893; one for $10,000, dated November 20, 1893; and the other for $1,500, bearing even date with the mortgage, viz. October 9, 1894. For the purpose of disposing of the question before the court upon this appeal, it is unnecessary to state the averments of the bill more at length. The record shows that on the 12th day of July, 1895, Felix T. Hughes, the plaintiff, brought a suit in the district court of Pitkin county against the defendant Thomas A. Green to foreclose this mortgage; that on August 15, 1895, he brought a suit in the circuit court of the United States for the district of Colorado against the same defendant, and asking the same relief; that on the 16th day of May, 1896, the defendant Green filed a motion in that case to dismiss it for the reason that a suit was then pending in the state court, brought by the same plaintiff against the same defendant, and concerning the same property mentioned and described in the bill therein. The circuit court sustained the motion to dismiss.

84 F.—53

Thereafter, on May 29, 1896, and before the same had been set down for hearing, the plaintiff dismissed his suit in the district court of Pitkin county, the order providing that the dismissal should be without prejudice to the plaintiff's rights, and at his cost. June 16, 1896, the defendant Green presented a motion in the district court of Pitkin county to set aside the order dismissing the plaintiff's suit, which motion the court overruled, and the defendant thereupon took an appeal to the court of appeals of the state of Colorado. On the 29th day of June, 1896, the plaintiff filed his bill in the circuit court in the present suit. As filed originally, the suit was against Thomas A. Green alone, but by subsequent amendment the other defendants were made parties. July 15, 1896, the defendant Thomas A. Green filed a motion to dismiss the suit, for the reasons stated in his motion to dismiss the former suit, alleging in his motion that the suit in the state court was still pending upon his appeal from the order of that court denying his application to set aside the order dismissing plaintiff's case. On the 29th day of July, 1896, the circuit court sustained the motion to dismiss, and dismissed the bill at plaintiff's cost, and it is from this order dismissing the bill that the present appeal is taken.

The sole question presented by this record is whether the proceeding had in the state court was a bar to or abated the plaintiff's right to bring his bill asking for the same relief in the federal court. The law of Colorado upon the subject of the dismissal of actions is as follows:

"Sec. 166. An action may be dismissed or a judgment of nonsuit entered, in the following cases: First. By the plaintiff himself, at any time before trial, upon the payment of costs, if a counter-claim has not been made. If a provisional or ancillary remedy has been allowed, the undertaking shall thereupon be delivered by the clerk to the defendant, who may have his action thereon. Second. By either party, upon the written consent of the other. Third. By the court, when the plaintiff fails to appear on the trial, and the defendant appears and asks for the dismissal. Fourth. By the court, when upon trial, and before the final submission of the case, the plaintiff abandons it. Fifth. By the court, upon motion of the defendant, when upon the trial, the plaintiff fails to prove sufficient case for the jury. The dismissal mentioned in the first two subdivisions shall be made by an entry in the clerk's register. Judgment may thereupon be entered accordingly.

"Sec. 167. In every case, other than those mentioned in the last section, the judgments shall be rendered upon the merits." Sess. Laws 1887, p. 149.

Clearly, under this statute, the dismissal of an action by the court on motion of the plaintiff is not an adjudication upon the merits, which can be pleaded in bar of a subsequent proceeding involving the same subject-matter in the same, or any other, court. The cases holding that under the provisions of the federal removal acts a plaintiff, who, having instituted his suit in a state court, has been subjected to a cross action, or by amendment of his opponent's answer has become a defendant, is not entitled to remove his suit, on the ground that he must abide the forum originally selected, are not applicable here. While it is true that Hughes, having brought his action in the state court, could not, under the acts of congress, remove his suit directly to the federal court, the fact that he had first commenced his action in the state court, and, upon leave, dismissed his case upon the payment of costs, is not a bar to, and will not abate, a suit seeking the same relief, subsequently brought in the circuit court, involving matter over which that

court has primary and original jurisdiction. The record shows that the plaintiff is a citizen of the state of Iowa, and that the defendants are citizens of the state of Colorado, and that the property described in the mortgage is located in the state of Colorado. The circuit court had jurisdiction, concurrent with the state court, over the parties and the subject-matter; and the plaintiff might have brought his suit in the circuit court originally, and, before going to trial upon the merits, dismissed it, and commenced over again in the same court, or filed his suit in the state court. In either case the original pendency of the suit in the circuit court would not operate as a bar to, or abate the plaintiff's right to prosecute, the second suit. It is insisted, however, that the order dismissing the suit in the state court is not operative, because of the appeal taken in that case by the defendant. While this contention may well be doubted (Railway Co. v. Twombly, 100 U. S. 81), yet we do not deem it necessary to consider or decide that question, as the order of the circuit court dismissing the bill cannot be sustained, even if the contention of counsel is true. The rule is perfectly well settled that, where two suits are pending between the same parties;—the one in the state and the other in the federal court,—the object of both suits being to secure the same relief, where the relief sought is the enforcement of a lien against specific property, to administer trusts, or liquidate insolvent estates, and in all other suits of a similar nature, where in the progress of the litigation the court may be compelled to assume the possession and control of specific personal or real property, the court which first acquires jurisdiction by the issue and service of process must be allowed to proceed with the hearing of the case to final judgment or decree, without interference on the part of the other court wherein the suit is pending. The practice in such cases, however, is not to dismiss, but to suspend further action in the second suit until the first suit is tried and determined. In the case of Zimmerman v. So Relle, 25 C. C. A. 518, 80 Fed. 420, Judge Thayer announced the rule in the following language:

"It would be manifestly improper, however, to order a dismissal of a second suit because of the pendency of a prior suit between the same parties in those cases where the bringing of the second action was a necessary or proper step either to create or preserve a lien, or to avoid the bar of the statute of limitations, or to give due notice by lis pendens of the plaintiff's rights, or to guard against the results of a possible dismissal of the first suit before its determination upon the merits. * * * Indeed, considering the numerous reasons which may render it advisable and not improper to commence a second suit, although a prior suit is pending, in which the plaintiff's rights may be fully adjudicated, we think it is the better practice in all cases to pursue the course last indicated when a plea of lis pendens is interposed and sustained. The mere pendency of a second suit, if no action is taken therein, does not affect the orderly prosecution of the first suit, and the court is much better able to determine after the first suit has ended whether it is necessary or proper to grant further relief in the action which was last brought."

The decree of the circuit court must be reversed, and the cause remanded, with instructions to that court to overrule the motion to dismiss.