COLSTON et al. v. SOUTHERN HOME BUILDING & LOAN ASS'N.

(Circuit Court, N. D. Georgia. December 15, 1899.)

No. 1,089.

1. JURISDICTION OF FEDERAL COURTS—AMOUNT IN DISPUTE—SUIT FOR DISSO-
LUTION OF CORPORATION.

Quære, whether, when the question is raised at the threshold of a suit, by demurrer, the amount in dispute, for the purpose of determining the jurisdiction of a federal court to entertain a bill by stockholders for the appointment of a receiver for a corporation on the ground of its insolvency, is the value of the property to be administered by the court if the prayer of the bill is granted, or the amount of the complainant's interest therein.

2. FEDERAL AND STATE COURTS—COURT FIRST ACQUIRING JURISDICTION—SUITS
IN REM.

A federal court will not entertain a suit by stockholders for the appointment of a receiver for a corporation, and the liquidation of its affairs as an insolvent, while a prior suit brought in a state court for the same purpose is still pending and undetermined, although the state court on a preliminary application has refused to appoint a receiver. In such case the second suit will either be abated or stayed until the final determination of the first.[1]

In Equity. On demurrer to bill and plea in abatement.

John L. Hopkins & Sons, for plaintiffs.

Hoke Smith, H. C. Peeples, and W. D. Ellis, for defendant.

NEWMAN, District Judge. In this case a bill was filed by two members of a building and loan association. The total amount which they have paid into the association, and consequently their claim against it, aggregates something like $1,300,—considerably less, at least, than $2,000. The purpose of the bill is to have the property and assets of every kind of the association placed in the hands of a receiver, to be administered for the benefit of all concerned. It is alleged that the association is insolvent, and that its affairs are being badly mismanaged. The amount of the assets of the association to be administered, if the case proceeds, is much greater than the jurisdictional amount in this court. The defendant demurred to the bill on the ground that on its face it showed the court to be without jurisdiction to entertain it, by reason of the amount involved. The question now presented is this: Whether the amount of the complainants' claims, or the value of the assets to be administered should the case proceed, determines the court's jurisdiction.

The language of the statute (Act Cong. Aug. 13, 1888 [1 Supp. Rev. St., 2d Ed., p. 611]), omitting language not material here, is as follows:

"The circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, * * * in which there shall be a controversy between citizens of different states * * * in which the matter in dispute exceeds exclusive of interest and costs, the sum or value aforesaid [two thousand dollars]."

---

[1] For conflict of jurisdiction between federal and state courts, see Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.

It will be perceived that the statute contemplates that in some instances "the sum" will be the matter in dispute, and in others "the value." In the one case the amount in controversy will control, and in the other the value of the property involved.

In this case there is no prayer whatever for a money judgment or decree against the association. The prayer is that its assets be placed in the hands of a receiver, and that the debts be collected, and, when all of the assets shall be reduced to cash, that they be divided pro rata among those entitled thereto. It is urged that this is one of the cases in which the jurisdiction of the court must be determined by the value of the property to be administered, as the purpose of the bill, and its only purpose, is the administration of the association's assets. Undoubtedly, the matter in dispute being the solvency or insolvency of the association, and the proper or improper management of its affairs, the action of the court in determining these matters must affect one way or the other the entire assets of the association, as the court either takes control of the same, and causes it to be administered as prayed, or declines to do so. It is urged that the complainants come into court, not as outsiders seeking relief against the association, but rather from the inside, as members of the association, —as a part of the association itself,—and ask, by reason of its insolvency, mismanagement, etc., that it be wound up, because its condition is such that it cannot accomplish the purpose for which it was organized. In the case of Towle v. Society (C. C.) 60 Fed. 131, which was a building and loan association case, Judge Grosscup held that "the entire assets of the society are brought into court to be administered, and are therefore the matter in dispute or controversy," the question of jurisdictional amount having been raised. In the case of Putnam v. Carpet Co., 79 Fed. 454, Judge Clark, of the circuit court for the Eastern district of Tennessee, held that where a bill was brought to administer a trust fund, in behalf of all the creditors, the fund to be administered determines the question of jurisdiction. In the recent case of Cowell v. Supply Co., 96 Fed. 769, Judge Woolson, of the United States circuit court for the Southern district of Iowa, decided, as summed up in the third headnote, as follows:

"In a suit to set aside a conveyance of property, and mortgages given thereon, the value of the property and rights which will be affected if the relief prayed for is granted, and not the value of complainant's interest in the property, constitutes the amount in dispute, for the purpose of determining the jurisdiction of a federal court."

It is contended by defendant's counsel in this case that the case of Towle v. Society, supra, and the case of Putnam v. Carpet Co., supra, should not be regarded as authority here, because in the first case the court, at the time the question of jurisdiction was raised, had taken possession of the property, and had it in its custody, and that it should not control in a case like this, where the question is presented at the threshold, and before the court enters into possession of the res; and in the latter case, because the question here made was really not involved, as one of the complainants' claims exceeded the jurisdictional limit, and it was really unnecessary to determine it. Counsel for defendant also claim that the cases here cited do not state the correct

rule on the subject.    They claim that, as to the complainants' interest in the controversy, although their several claims may perhaps be joined for the purpose of determining the jurisdictional amount, yet their claims together must exceed $2,000, etc., to give the court jurisdiction. They say that it is not the value of the property sought to be subjected, but the complainants' interest in the controversy; that the test of the amount in controversy is that which is involved in the controversy between the particular complainants and the defendant.    They rely especially upon the case of Gibson v. Shufeldt, 122 U. S. 27, 7 Sup. Ct. 1066, 30 L. Ed. 1083, in which many former decisions of the supreme court are cited and considered, and also on the cases of Brown v. Trousdale, 138 U. S. 389, 11 Sup. Ct. 308, 35 L. Ed. 987; Walter v. Railroad Co., 147 U. S. 370, 13 Sup. Ct. 348, 37 L. Ed. 206; Colvin v. City of Jacksonville, 158 U. S. 456, 15 Sup. Ct. 836, 39 L. Ed. 1053; and, particularly, on the following decisions of the circuit court:    Massa v. Cutting, 30 Fed. 1; Putney v. Whitmire, 66 Fed. 385; Smithson v. Hubbell, 81 Fed. 593.    These decisions do make the jurisdiction, as to the jurisdictional amount involved, doubtful,—perhaps too doubtful to justify the court in proceeding in the case under the recognized rule that the jurisdiction should be clear; but it is unnecessary at this stage of the case, in view of what will be hereafter said, to determine that question, and the same may be left for future consideration, should the necessity for a decision arise.

Pending the determination of the matter above discussed, and after it had been submitted to the court, a question arising on a plea in abatement was argued, and also submitted.    The plea in abatement sets up the pendency of a suit in the superior court of the state, over the same subject-matter, seeking the same result, and by what the defendant claims are substantially, for present purposes, the same parties against the same defendant.    By consent of counsel, the original record in the state court is used, and is considered as accompanying the plea in abatement.    The object of the bill in the state court was to have all the assets of the Southern Home Building & Loan Association placed in the hands of a receiver.    The allegations in that bill were substantially the same as those of the bill filed in this court.    It charged, in effect, the same mismanagement, the same danger to members, supported by the same facts generally that are set out here.    The complainants were different persons from those who filed the bill in this court, but the bill was sworn to by the same person, as agent for the complainants, who made the affidavit to the bill filed in this court.    The bill was filed in the state court one day before the bill was filed in this court.    On the day the bill was filed, the judge of the superior court passed the following order:

"Read and considered.    Let petition be filed and served.    Let defendant show cause before me on October 28, 1899, at 9 o'clock a. m., or as soon thereafter as a hearing can be had, at the court house in said county, why injunction and receiver should not be granted as prayed for.    In the meantime, and until the hearing or further order of court, the defendant, its officers and agents, are restrained from selling, transferring, incumbering, or removing from the jurisdiction of its assets, except that the regular course of business may proceed, and the officers of the company now in charge may continue the

usual conduct of business; keeping account thereof, subject to be rendered if hereafter required. Should further order be found necessary before the time set for the hearing, or should a speedier hearing or an advancement of the day set therefor be desired, either side may apply therefor on notice to the other."

When the bill was filed in this court, the next day after this order of the judge of the superior court, a somewhat similar order was made; and the case has been pending here since, without any action except the argument of the questions now under consideration. In the meantime, and before the questions now discussed came up for argument here, there was a hearing on the application for receiver in the state court, on the bill, answer, and affidavits; and the application for a receiver and injunction was denied, and the temporary restraining order copied above was dissolved. The case is still pending in the state court, and, so far as appears from the record, it will come on regularly for trial according to the practice in that court; and the question is whether that is a sufficient cause for abatement of the suit in this court, or, if it does not have that effect, if the case here should not be stayed until after the determination of the case in that court, as the court having first obtained jurisdiction of the subject-matter of the controversy. It may be stated in the beginning, as a general proposition, that the pendency of a suit in the state court is no bar to a suit in this court between the same parties, and for the same cause of action. In Stanton v. Embrey, 93 U. S. 548, 23 L. Ed. 983, it is held that "the pendency of a prior suit in a state court is not a bar to a suit in the circuit court of the United States, or in the supreme court of the District of Columbia, by the same plaintiff against the same defendant, for the same cause of action." In Gordon v. Gilfoil, 99 U. S. 168, 25 L. Ed. 383, it is said in the opinion of the court that "it has been frequently held that the pendency of a suit in a state court is no ground even for a plea in abatement to a suit upon the same matter in a federal court." It is equally well settled, however, that, where either the state or federal court has obtained jurisdiction of a suit in which the actual seizure and disposition of property may become necessary, the court first acquiring jurisdiction of the subject-matter will retain it, and the other court will not proceed with the suit involving the same controversy during the pendency of the prior suit. In the case of Zimmerman v. So Relle, 25 C. C. A. 518, 80 Fed. 417, this question is fully discussed in the decision by the circuit court of appeals for the Eighth circuit (opinion delivered by Thayer, Circuit Judge). The character of the controversy in the state court and in the circuit court of the United States, as well as the conclusion reached in that case, will appear from the following extract from the opinion of the court:

"The plea which was filed by the defendant below, who is the appellee here, shows, we think, with sufficient certainty, that the suit at bar, and the suit previously brought in the district court of Pitkin county, Colo., by So Relle against Zimmerman, are substantially of the same character, the parties thereto being simply reversed. In the case pending in the state court, So Relle is attempting to quiet his title against Zimmerman, who is claiming title to and possession of the premises in controversy by virtue of a trustee's deed executed under a power of sale contained in a mortgage that was made by So Relle; while in the suit at bar Zimmerman seeks to quiet his title and gain possession

of the property by enjoining So Relle from asserting that the sale by the trustee was insufficient to pass the legal title. Both suits concern the same property, and necessarily involve a consideration of the same evidence and a decision of the same questions. Such being the state of facts disclosed by the defendant's plea, we think that the case pending in the state court was of such a nature that the trial court was not at liberty to proceed with the hearing of the case at bar, within the doctrine which was recently applied by this court in the case of Merritt v. Steel-Barge Co., 24 C. C. A. 530, 79 Fed. 228. We held in that case that when a suit is brought to enforce a lien against specific property, or to marshal assets, or to administer a trust, or liquidate an insolvent estate, and in all other cases of a similar kind, where in the progress of the case the court may find it necessary or convenient to assume control of the property in controversy, the court which first acquires jurisdiction of such a case by the issuance and service of process is entitled to retain it to the end, without interference on the part of any other court of co-ordinate jurisdiction. We held further that a rigid adherence to this rule, both by the federal and state courts, is necessary in order to prevent unseemly conflicts which might otherwise arise. The doctrine in question has been so recently and fully considered, both in the case last referred to, and in Gates v. Bucki, 12 U. S. App. 69, 4 C. C. A. 116, 53 Fed. 961, that a further discussion of the subject seems to be unnecessary. It is manifest, we think, that the suit brought in the state court by So Relle against Zimmerman is of such a nature that that court may see fit at any time to issue an injunction against Zimmerman, restraining him from prosecuting a suit to recover the possession of the property in controversy in any other forum, and we cannot doubt its right to make such an order; whereas in the case at bar, if the trial court had permitted it to proceed, it may be that at some stage of the proceedings it would have been found necessary to appoint a receiver of the property, to collect the rents thereof, and otherwise care for it, pending the litigation as to the title. Possibly the state court may deem it proper to make a similar order. The controversy, then, is of such a nature that the pendency of the two suits at the same time in different jurisdictions is liable at any moment to create a conflict of authority, and give rise to conflicting titles. No court ought to proceed with the hearing of a case under such circumstances, so long as the prior suit remains pending and undetermined."

In the case of Hughes v. Green, 28 C. C. A. 537, 84 Fed. 833,—this being also a case from the circuit court of appeals for the Eighth circuit,—it is said in the opinion of the court:

"The rule is perfectly well settled that where two suits are pending between the same parties,—the one in the state court, and the other in the federal court, —the object of both suits being to secure the same relief, where the relief sought is the enforcement of a lien against specific property, to administer trusts, or liquidate insolvent estates, and in all other suits of a similar nature, where in the progress of the litigation the court may be compelled to assume the possession and control of specific personal or real property, the court which first acquired jurisdiction of the issue and service of process must be allowed to proceed with the hearing of the case to final judgment or decree, without interference on the part of the other court wherein the suit is pending."

It will be perceived that the test is not which court has taken, by its officer, actual possession of the property, or even which court has by an order taken jurisdiction of the property, and so, constructive possession; but, in the language of the above extract from Hughes v. Green, the test is, "where in the progress of the litigation the court may be compelled to assume possession and control," etc. Almost the same language is used in Zimmerman v. So Relle, supra. In such cases "the court which first acquires jurisdiction of such a case by issuance and service of process is entitled to retain it to the end, without interference on the part of any other court of co-ordinate jurisdiction."

In Rodgers v. Pitt, 96 Fed. 668, Judge Hawley, of the circuit court for the district of Nevada, discusses at some length this question, in various aspects. While the court in that case reached the conclusion that it was its duty to retain the case, the law on the subject is laid down substantially as in the cases just referred to. The following quotation will show the opinion entertained in that court of the law on the subject:

"The general rule is well settled that, where different courts have concurrent jurisdiction, the court which first acquires jurisdiction of the parties, the subject-matter, the specific thing, or the property in controversy, is entitled to retain the jurisdiction to the end of the litigation, without interference by any other court. This rule is important to the exercise of jurisdiction by the courts whose powers are liable to be exerted within the same spheres, and over the same subjects and parties. There is but one safe road for all the courts to follow. By adhering to this rule the comity of the courts, national and state, is maintained, the rights of the respective parties preserved, and the ends of justice secured, and all unnecessary conflicts avoided. Any other rule would be liable at any time to lead to confusion, if not open collision between the courts, which might bring about injurious and calamitous results. This rule is elementary law, and a citation of all the authorities in its support would be endless and useless."

A number of cases are then cited as bearing upon the question.

In Harkrader v. Wadley, 172 U. S. 148, 19 Sup. Ct. 119, 43 L. Ed. 399, in the opinion of the court, by Mr. Justice Shiras, this expression is used:

"When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted; and this rule applies alike in both civil and criminal cases,"—citing Freeman v. Howe, 24 How. 450, 16 L. Ed. 749; Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257; Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287; Ex parte Crouch, 112 U. S. 178, 5 Sup. Ct. 96, 28 L. Ed. 690.

It would be useless to enter into a discussion of all the decisions of the supreme court on this subject. They are numerous, but are probably all referred to and commented on in the cases already cited.

It becomes necessary, from what has been stated, to find the distinction between the class of cases in which the pendency of a suit in one court, either state or federal, is no sufficient objection to the same case proceeding in the other court, and the class of cases in which the pendency of the former suit may be pleaded as ground for abatement of the second suit, or at least for a stay of proceedings therein. The distinction, according to the authorities, is between cases in personam, strictly, on the one hand, and cases in rem, or quasi in rem, on the other. In Zimmerman v. So Relle, supra, in the opinion from which an extract has already been given, it is said:

"We concede, as a matter of course, that two suits involving the same question, and between the same parties, may be pending at the same time, the one in a state and the other in a federal court, and that in such event a plea of lis pendens may not be available as a defense to the suit which was last brought. This is always the case where the two suits are strictly in personam,"—citing Stanton v. Embrey, supra.

The same distinction is recognized in Rodgers v. Pitt, supra.

The case at bar must be considered an action in rem, as distinguished from what would be strictly speaking an action in personam.

Its sole object is the disposition of the assets of the association. Counsel for complainants expressly disclaim any purpose to obtain a money judgment against the defendant association. The only ground upon which the jurisdiction of the court can be sustained, as to jurisdictional amount involved, is that the suit is one solely for the purpose of bringing the property into court, and administering it for the benefit of the members of the association. It must be classed, for present purposes, in determining the question now discussed, as an action in rem. Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931; Freeman v. Alderson, 119 U. S. 185, 7 Sup. Ct. 165, 30 L. Ed. 372; Zimmerman v. So Relle, supra; Rodgers v. Pitt, supra.

Counsel for complainants rely with much confidence on the case of Shields v. Coleman, 157 U. S. 168, 15 Sup. Ct. 570, 39 L. Ed. 660, as favoring their contention that the pendency of the suit in the state court is no obstacle to the present case proceeding in this court. The case has weight, it must be admitted, in favor of complainants' view of this question; and yet it may be reconciled with the views hereinbefore expressed, upon careful examination. A bill for receiver had been filed in the circuit court of the United States for the Eastern district of Tennessee, and a receiver appointed, who took possession of the railroad, the property involved. Afterwards, on petition of the railroad company, it was allowed to give bond, and the receiver was discharged, and the property returned to the railroad company. Subsequently a bill was filed in the chancery court of the state, and a receiver appointed, who took possession of the property. After this, on motion of the complainants, the circuit court of the United States reappointed a receiver, and ordered him to take possession of the railroad, which he seems to have done; and thereupon the receiver of the state court applied to the circuit court for restoration of the property, which was denied, and this made the question for determination by the supreme court in that case. In its opinion the supreme court seemed to recognize that the suit in the circuit court, by the giving of the bond, ceased to be one against the property involved. This is said on the subject:

"Accepting a bond, and directing the receiver to return the property to the owner, was not simply the transfer of the possession from one officer of the court to another. The bond which was given was not a bond to return the property if the judgment to be rendered against the contractors was not paid, but a bond to pay whatever judgment should be rendered. It was therefore in no sense of the term a forthcoming bond. The property ceased to be in custodia legis. It was subject to any rightful disposition by the owner, or to seizure under process of any court of competent jurisdiction."

In other words, the property had been taken entirely from without the jurisdiction of the court, and a bond with personal securities had been substituted therefor; and the complainants were simply proceeding to ascertain the amount of their debts, and for a decree against the defendant and the sureties on its bond. In this view of the facts, there is no conflict whatever between this case and the rule which seems to be laid down in the other authorities on the subject. The supreme court in this case seemed to recognize the rule that the court first acquiring jurisdiction in the suit for the appointment of a

receiver will retain it to the end. The following is the language used:

"For the purposes of this case, it is unnecessary to decide whether, as between courts of concurrent jurisdiction, when proceedings are commenced in the one court with the view of the appointment of a receiver, they may be continued to the completion of actual possession, and whether, while those proceedings are pending in a due and orderly way, the other court can, in a suit subsequently commenced, by reason of its speedier modes of procedure, seize the property, and thus prevent the court in which the proceedings were first commenced from asserting its right to the possession. Gaylord v. Railroad Co., 6 Biss. 286–291, Fed. Cas. No. 5,284, cited in Moran v. Sturges, 154 U. S. 256–270, 14 Sup. Ct. 1019, 38 L. Ed. 981; High, Rec. (3d Ed.) § 50. Of course, the question can fairly arise only in a case in which process has been served, and in which the express object of the bill, or at least one express object, is the appointment of a receiver, and where possession by such officer is necessary for the full accomplishment of the other purposes named therein. The mere fact that in the progress of an attachment, or other like action, an exigency may arise which calls for the appointment of a receiver, does not. make the jurisdiction of the court in that respect relate back to the commencement of the action."

As to the time that jurisdiction attaches, the court says this:

"In Heidritter v. Oilcloth Co., 112 U. S. 294–301, 5 Sup. Ct. 135, 28 L. Ed. 729, a question was presented as to the time that jurisdiction attaches. Mr. Justice Matthews, after quoting from Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931, and Boswell's Lessee v. Otis, 9 How. 336, 13 L. Ed. 164, observed: 'But the land might be bound, without actual service of process upon the owner, in cases where the only object of the proceedings was to enforce a claim against it specifically, of a nature to bind the title. In such cases the land itself must be drawn within the jurisdiction of the court by some assertion of its control and power over it. This, as we have seen, is ordinarily done by actual seizure but may be done by the mere bringing of the suit in which the claim is sought to be enforced, which may by law be equivalent to a seizure, being the open and public exercise of dominion over it for the purposes of the suit.'"

In the case in the state court, while the injunction and receiver has been denied, the application for the same may at any time be renewed, and the court is fully authorized to grant the same, should a proper case be made. Glass v. Clark, 41 Ga. 544; Blizzard v. Nosworthy, 50 Ga. 514. The case there, as has been stated, seeks the administration of the same assets as does the bill in this court, and the possession and administration of those assets is the only purpose of the bill, and it is still pending. While the court there has refused to order possession of the property by interlocutory order pending the litigation, it may at any time hereafter, by order pendente lite, or by a decree on the final hearing, take actual possession of the property involved, through its officers. The case comes fully up to the rule laid. down in the authorities which have been cited and discussed. Without further discussion of the subject, the conclusion is that the case now under consideration is one of that class in which the court first acquiring jurisdiction should retain it, and as to which the court in which the suit is last brought will either dismiss the suit because of the pendency of the former proceeding, or will at least enter an order staying the case until the prior suit is ended. Under the circumstances of the case, as disclosed, perhaps the safest course, and that con-

sistent with the authorities on the subject, would be to enter an order staying the present case until the case is ended in the state court, and it will be given this direction.