VOWINCKEL v. N. CLARK & SONS.

(Circuit Court, N. D. California. June 15, 1908.)

No. 14,616.

1. **COURTS—COURTS OF CONCURRENT JURISDICTION—PRIORITY OF JURISDICTION.**

It is the settled general rule that, as between two courts having concurrent jurisdiction of the subject of an action, the one which first obtains jurisdiction of the controversy has the right to proceed to its final determination without interference from the other, and such rule is not limited to cases in which the court first obtaining jurisdiction has taken actual or constructive possession of the subject-matter of the suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 1229.]

2. **SAME—FEDERAL AND STATE COURTS—STAY OF SUIT.**

Where a state court in a suit to abate a nuisance and recover damages for its maintenance has issued an injunction pendente lite, a federal court will on motion of the defendant stay a second suit brought therein by the same complainant against him based on the same facts, and for the identical relief, until the first suit has been disposed of.

On Motion by Defendant for Stay of Proceedings.

Campbell, Metson, Drew, Oatman, & Mackenzie, for complainant.
Mastick & Partridge and Wm. R. Davis, for respondent.

VAN FLEET, District Judge. The bill in this case, filed here on December 6, 1907, asks an injunction to restrain the respondent, a corporation, from operating its factory in Alameda county, alleged to be a nuisance, and damages for injury caused to complainant's property thereby. The respondent has interposed a motion, supported by the facts, for an order staying all proceedings in the suit until the final determination of an action based upon the same facts as set out in the bill here, and for the identical relief, heretofore, on November 15, 1906, commenced by complainant against this respondent in the superior court of the state· for Alameda county, which is still pend-

ing therein undetermined, and in which an injunction pendente lite granted by that court still subsists.

The only question presented is as to the propriety of the order asked. The complainant in opposing the motion takes the ground that the order is authorized only where the case is of such a nature that the court first obtaining jurisdiction thereof has taken actual or constructive possession or control of the subject-matter of the controversy, and that the rule does not apply to actions in personam. The respondent, on the other hand, contends that the rule is beset by no such limitation, but is governed solely by the question of the identity of the parties and the controversy, but that, if such limitation exists, it is satisfied by the fact that the state court has potentially at least taken control of the subject-matter by its injunction. The general rule upon the subject is very clearly stated and ably discussed by the late Judge Hawley of this circuit, in Rodgers v. Pitt (C. C.) 96 Fed. 668, 670. In that case, a suit to determine conflicting claims to a water right, the Circuit Court had first obtained jurisdiction of all the parties, and the complainant applied for an injunction restraining the prosecution of an action theretofore commenced in the state court involving the same controversy and subject-matter. In the opinion granting the restraining order, it is said:

"The general rule is well settled that, where different courts have concurrent jurisdiction, the court which first acquires jurisdiction of the parties, the subject-matter, the specific thing, or the property in controversy is entitled to retain the jurisdiction to the end of the litigation, without interference by any other court. This rule is important to the exercise of jurisdiction by the courts whose powers are liable to be exerted within the same spheres and over the same subjects and parties. There is but one safe road for all the courts to follow. By adhering to this rule, the comity of the courts, national and state, is maintained, the rights of the respective parties preserved, and the ends of justice secured, and all unnecessary conflicts avoided. Any other rule would be liable at any time to lead to confusion, if not open collision, between the courts, which might bring about injurious and calamitous results. This rule is elementary law, and a citation of all the authorities in its support would be endless and useless."

And, after citing a large number of authorities in support of the text, it is further said:

"The general rule, as above stated, is clear, plain, and positive. There is no room for any dispute or controversy as to its correctness, but a careful examination of the authorities shows that many of them do not march up to the full-breasted jurisdiction therein enumerated. The truth is that the language of the courts is used with reference to the facts presented in the cases before them, and is properly confined to such facts, and limited to the direct question there presented. To illustrate: Some of the authorities say the court 'which first acquired jurisdiction of the parties'; others the court 'which first acquired jurisdiction of the subject-matter'; others, 'of a cause which presents the same issues and seeks the same relief'; others, the court which 'first takes cognizance of the controversy'; others, the court which 'first obtained possession of the property' in controversy. It is clear that this court first obtained jurisdiction over the person of the complainant. There is no pretense that the state court ever acquired any jurisdiction over him until long after the commencement of the suit and service of process in this court. *Neither court has ever acquired possession of the land or water.* There is no case cited by counsel which can be said to be on 'all fours' with the present, and it is the duty of this court to ascertain, from the facts before it, the germ of the principle that must govern and control the

disposition of the question before the court; for enough appears to make it certain that, notwithstanding the difference in the parties to the respective suits and other matters, *there is need of but one trial, and the parties should not be compelled to be and appear in both courts at the same time and litigate substantially the same questions. The proceedings in one court or the other should be stayed, at least,* until the other has finally disposed of the suit before it, and then, *if any question remains to be disposed of,* the other court might be called upon to decide it. Union Mut. Life Ins. Co. v. University of Chicago (C. C.) 6 Fed. 443, 447; Foley v. Hartley (C. C.) 72 Fed. 570, 574; Zimmerman v. So Relle, 25 C. C. A. 518, 80 Fed. 417, 420; Hughes v. Green, 28 C. C. A. 537, 84 Fed. 833, 835."

This case was afterward reviewed by the Circuit Court of Appeals (Pitt v. Rodgers, 104 Fed. 387, 43 C. C. A. 600), and Judge Hawley's ruling affirmed; the court saying:

"It is the settled rule of law that, as between two courts having concurrent jurisdiction of the subject of an action, the court which first obtains jurisdiction of the controversy has the right to proceed to its final determination without interference from the other."

The same rule is sustained in the celebrated case of Sharon v. Terry (C. C.) 36 Fed. 337, 1 L. R. A. 572, heard before Justice Field and Judges Sawyer and Sabin, in which the opinion was written by the first named.

In Bunker Hill & Sullivan M. & C. Co. v. Shoshone Mining Co., 109 Fed. 504, 47 C. C. A. 200, an action to determine conflicting claims to a mine, the court, while holding that the pendency of a suit in a state court is not the subject of a plea in bar to one in a federal court between the same parties over the same subject-matter, nevertheless say:

"In the light of all the facts herein, it would doubtless be proper for the Circuit Court, as a matter of comity, in pursuance of the principles announced in Ball v. Tompkins (C. C.) 41 Fed. 486, 491; Foley v. Hartley (C. C.) 72 Fed. 570, 571; Zimmerman v. So Relle, 25 C. C. A. 518, 80 Fed. 417; Hughes v. Green, 28 C. C. A. 537, 84 Fed. 833, 835; Ryan v. Railroad Co. (C. C.) 89 Fed. 397, 408; Rodgers v. Pitt (C. C.) 96 Fed. 668, 671—to suspend proceedings, and stay its hand in the present suit until the suit in the state court is in some manner disposed of, and then proceed with the trial in the light of the results that may be reached in the state court, and the issues that may be presented herein."

In Ryan v. Seaboard R. R. Co. (C. C.) 89 Fed. 397, discussing the question of the sufficiency of a plea in bar setting up the pendency of an action between the same parties for the same matter in the state court, it is said:

"But, after all, the question presented to the court on such a plea is one of comity between courts. When a court has assumed jurisdiction of a subject, all other courts should refrain from interference. In no other way can be prevented unseemly conflict between courts."

And in the recent case of Miller & Lux v. Rickey, 146 Fed. 574, 583, the doctrine as stated in Rodgers v. Pitt is reaffirmed.

While the rule is one resting primarily upon considerations of comity, the compelling force of those considerations is such that its application has, in certain classes of cases at least, come to be largely a matter of right, and its refusal an abuse of discretion. As indicated in the case of Rodgers v. Pitt, it is within the sound discretion of the

162 F.—63

court to apply it in any case where the interests of justice demand it,. without regard to the particular character of the litigation or nature of the questions involved. Its application is certainly not circumscribed within the narrow limitations contended for by the complainant; nor do the cases relied upon by him sustain that view. Those cases would appear to sustain him to the extent of holding that in purely personal actions, where there are no circumstances calculated to work a wrong or hardship by permitting both actions to proceed contemporaneously, the court will not grant a stay; but they in no respect attack the general discretionary power of the court as embraced within the rule as stated in the above cases. In view of the fact that in this case the complainant saw fit to submit himself voluntarily to the jurisdiction of the state court in the first instance, it would seem an unjust and oppressive thing to permit him, without any reason, stated or apparent, to subject his adversary to the expense and harassment of defending a second suit involving precisely the same controversy until the first has been in some way disposed of; and it would, in my judgment, be an abuse of discretion to deny the relief asked.

The motion will, therefore be granted and an order entered staying all further proceedings in this case until the final determination of the action in the state court.