### BENOIST et al. v. SMITH.

(Circuit Court, M. D. Tennessee, Northeastern Division.    November 28, 1911.)

No. 5.

1. COURTS (§ 493*)—CONFLICTING JURISDICTION.

In personal actions priority of suit as between a federal and state court is determined by the time when the parties are served with process, and not by the date of the filing of the two actions.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1346–1353; Dec. Dig. § 493.*

Conflict of jurisdiction of federal courts with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

2. COURTS (§ 493*)—FEDERAL AND STATE COURTS—CONCURRENT JURISDICTION—PRIORITY OF JURISDICTION—"PRIOR SUIT."

Defendant brought an action in ejectment in a state court against a nonresident receiver to recover a tract of land, and service was made by publication; the date of last publication being September 23d. Prior to the filing of such action, a bill had been filed in the federal court by the receiver and others against defendant to quiet title to the same land in complainants, and personal service was made on defendant September 24th. Two of the complainants in such suit claiming title to the land were not parties to the action in ejectment. *Held*, that the ejectment action was not a prior suit within the rule that a federal court will ordinarily in its discretion stay proceedings in a suit before it to await the termination of a prior suit in a state court involving the same matters.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 493.*]

In Equity. Suit by E. H. Benoist, receiver, Mississippi Valley Trust Company, trustee, and Cumberland Coal & Coke Company, against W. C. Smith. On motion by defendant to dismiss, or, in the alternative, to stay proceedings. Denied.

This is a bill filed by E. H. Benoist, receiver, and the Mississippi Valley Trust Company, trustee, both citizens of Missouri, and the Cumberland Coal & Coke Company, a citizen of New Jersey, against the defendant, W. C. Smith, a citizen of Tennessee, to remove, as a cloud upon complainants' title to a certain tract of land in Fentress county, Tenn., a deed under which the defendant claims title to a portion thereof. The defendant entered a motion,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

supported by affidavits, to dismiss the suit because not a bona fide litigation, and brought for ulterior and improper purposes; and, in the alternative, to stay the proceedings herein to await the termination of certain suits in the state court.

John F. McNutt, for complainants.
Edw. E. Barthell, for defendant.

SANFORD, District Judge (after stating the facts as above). 1. I am clearly of opinion that the defendant's petition to dismiss this case on the theory that it is not a bona fide litigation should not be granted.

The matters set up in the petition in this regard are, in my judgment, matters going to the defense of the suit on the merits which cannot be properly determined in limine on ex parte affidavits. This prayer of the petition must, accordingly, be denied.

[1] 2. As to the prayer for stay of proceedings pending the conclusion of suits in the state courts: The only suit involving the land in controversy in this suit appears to be that of Smith et al. v. Watts et al. in the Chancery Court of Fentress County, an action of ejectment brought by the defendant Smith herein against Benoist, receiver, and other parties. The authorities seem to be practically uniform that a federal court may, and ordinarily should, in the exercise of its discretion, stay proceedings to await the termination of a prior suit involving the same matters in a state court of concurrent jurisdiction, and that in personal actions, as distinguished from actions in rem in which the res is in the custody of the court, priority is determined by the time that the parties are served with process, and not by the date of the filing of the two actions. 1 Rose's Code Fed. Proc. p. 132, § 16(a); Id. p. 138, § 16(f); 1 Foster's Federal Practice (4th Ed.) p. 41, § 9(e); Union Mutual Life Insurance Co. v. University of Chicago (C. C.) 6 Fed. 443; Zimmerman v. So Relle (C. C. A. 8) 80 Fed. 417, 25 C. C. A. 518; and various other cases. Without however, determining whether, under the doctrine of Zimmerman v. So Relle, supra, an earlier ejectment suit in a state court is to be regarded, in applying this rule, as presenting substantially the same matters of controversy as a subsequent bill to remove cloud from title, in the federal court, I think it clear that the present petition fails in two other essential respects to state a case coming within the rule sought to be invoked by the petition.

[2] In the first place, the suit in the state court, even if it can be regarded as a personal action within this rule, is not a prior suit so far as Benoist, receiver, is concerned, within the meaning of the rule. The bill in this suit was filed on August 19, 1909, nine days before the bill was filed in the state court, and subpœna to answer in the present suit was served on the defendant on September 24, 1909, on which date there had been no actual service of process on Benoist, receiver, as a defendant in the state suit. It is true that at that time an order of publication had been made for Benoist, receiver, which had been published for four consecutive weeks ending with September 23, 1909; this order of publication requiring the receiver to appear and make defense on or before the first Monday in October. However, it is clear

under the doctrine of Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, that in a personal action jurisdiction is not acquired over the person of a nonresident defendant by mere constructive service through publication. See, also, Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867. Hence, independently of the fact.that it appears that leave had not been given by the court in which Benoist was appointed receiver to sue him in the state court, it must be held that the attempted constructive service by publication, even if it could take effect from the date of the last publication and before the entry of the order .pro confesso against him, did not operate to confer jurisdiction over his person. Therefore, not only was the bill in this cause filed prior to the bill in the state court, but, as actual service was had on the defendant Smith on September 24th in this suit at a time when there had been no actual service on Benoist, receiver, in the state court, the present suit must be regarded as the prior suit between the parties in so far as the application of the above-mentioned rule is concerned.

In the second place, the parties in the suit in the state court are not the same as in the present suit, and complete relief cannot be granted therein. Among other essential differences between the two suits is the fact that the Cumberland Coal & Coke Company and Mississippi Valley Trust Company, who are complainants in the present suit and assert title to the land in controversy, are not parties to the suit in the state court, and no relief could be granted against them in that cause.

For these reasons, without considering the other questions presented, it results that the prayer of the petition for stay of proceedings in this suit must also be denied.

An order will be entered accordingly.