*50 Opinion of the Court by
Judge Mills.
The appellee brought an ejectment, and exhibited in evidence a patent from this commonwealth, granted in pursuance of a certificate granted by the county court, covering the land in controversy. The appellant gave in evidence, a junior grant to himself; issued under the same laws, and proved a possession under it, sufficient in time to toll the lessor’s right of entry. To avoid the bar, and show himself within the saving of the statute of limitations, the appellee proved his infancy, and that he was not more than twenty-three years old at the time of the trial. To defeat this exception, the appellee gave in evidence, the certificate granted by the county court, to the appellee, dated in 1805. The admission of this evidence, as competent for the purpose of avoiding the grant of the appellee, or depriving him of the exception of infancy in the act of limitation, was objected to by the appellee. The appellant insisted upon the admissibility of the evidence, and that it either shewed the grant of the appellee to be a fraud upon the law, and therefore void, or if this was not the consequence, that it estopped the appellee from proving himself an infant of tender years when his certificate and grant emanated, as he now does, to avoid the act of limitations. The jury found a special verdict, and by consent, those points were reserved, and the judgment was to pass according to the opinion of the court thereon.
The court rendered judgment for the plaintiff below, and the defendant has appealed, and presented the same points for our consideration.
We conceive that the certificate of claim, granted by the county court, could not be given in evidence to shew the grant to the appellee to be void in law. We need not say, that in no case, the certificate or entry could be given in evidence, in affirmance of a *51 patent, or to identify and fix the position of it, on the ground to which it applies.
It is a general rule that the validity of a grant cannot be inquired into in a collateral issue—Nor can a party travel behind a patent to avoid it.
Exceptions to the rule.
The clause in the statute prohibiting the granting of head-right certificates to persons under 18 years, is only directory, and grants to younger persons are valid
Can a patentee of head-right land prove he was not 18 when the certificate was granted him, for the purpose of bringing himself within the saving of the statute of limitations?
*51 But it is a general principle maintained in the courts of Virginia, and sanctioned by the courts of this country, that the validity of a patent cannot be inquired into in a collateral issue, nor can a party travel behind it, to shew it void. If it be void on its face, advantage may be taken of its defects, otherwise steps must be taken by a direct issue, to repeal it by scire facias, or to procure its release in obedience to a decree of a court of equity, and until this is done, it must remain unimpeachable.
The only exceptions to this general rule which occurs to the court, is the case of grants issued under statutes, which under certain circumstances declare them void. Such instances occur in the case of Dallam vs. Handley, 2 Marsh. 418. Atchley vs. Latham, 2 Litt. Rep. 363.
The only use which could be made of these certificates. in opposition to this grant, was to show that the lessor of the plaintiff had obtained his certificate. and consequently his patent contrary to the directions of the law, which gave birth to these claims. That law forbade the grant of a certificate to any person under eighteen years of age. But for this purpose the proof was inadmissable. The act must be considered as directory to the officers of the government engaged in granting these claims, and for a violation thereof, they may be responsible; but grants issued in violation of these directions, cannot be impeached or declared void in such a collateral way as this case presents.
The remaining inquiry is, as the lessor of the plaintiff imposed upon the organs of government, by representing himself at the date of his certificate to be at least eighteen years of age, and thereby obtained his claim, can lie be permitted now, to show that he was not that old at that period, or is he estopped to prove the contrary, by the representation thus made?
He may.
Estoppels—classes stated and doctrine of estoppels in puis discussed.
Assertion of a fact in one case cannot be afterwards be relied on by one not party, nor effected by the transaction to estop the other from shewing the contrary.
*52 Estoppels preclude aparty from shewing the truth, and are said not to be favored in law. But they certainly subserve the ends of justice, and for that purpose must often be allowed. They are of three kinds—by matter of record, by deed, and matters in pais. It is laid down often that they must be mutual, or they cannot be maintained. This may be true generally, as to the two first kinds named, but is certainly not universally true with regard to estoppels by matter in pais. Thus a person holding himself out to the world as a partner in a firm, and thereby inducing the world to credit the firm, is precluded from releasing himself from responsibility, by shewing that be is no partner, yet when he claims against others the benefits of being a partner, they may shew that he is not a partner. A man who has imposed upon others by representing a woman to be his wife, when in fact she is not, is precluded from denying her, when he will thereby injure the rights of others, who have been inveigled by his false representations to acquire those rights, believing in the relation of husband and wife; yet when he demands the rights of a husband, based on his false assertions of the marriage relation, others may shew that he is not in fact a husband, and thereby defeat his claims. On the same principle, an executor de son tort, cannot say he is not executor when sued as such, if it he proved that he has used or sold the goods of the estate of the deceased, yet he cannot maintain actions as executor, to recover the goods of the decedant’s estate, or enforce its credits. Thus far then, estoppels in pais cannot be said to be mutual, and such we apprehend is the kind of estoppel opposed to the lessor of the plaintiff in this action, the might be estopped to prove a different age from that which he stated at the grant of his certificate, if that false statement could in any manner impose upon his adversary, and be instrumental in bringing him to his present situation; and on this pivot this question must turn.
Admitting that the lessor of the plaintiff did impose upon the organs of government, by misrepresenting his age, when he obtained his certificate, we cannot *53 perceive that he thereby injured the individual rights of the defendant, or in the least contributed to bring him to his present dilemma. The land then belonged exclusively to the government. The defendant, now appellant, had no claim to it. His certificate, though elder than that of the appellee, is not shewn to cover the land now claimed, or any other spot, and if it covered the land now in contest, it only vested an equity to be asserted in a court of chancery. The imposition then, was upon the government, by obtaining from her, lands which he was not entitled to, and no injury was done to the rights of the appellant. The government, which alone was cheated, granted the land to the appellee, by a patent which we have seen is incontestible in this mode. The appellee has since acquired a claim by a grant of the government, which passes nothing, and by a residence upon the land, and he now seeks to deprive the appellant of an exception of law in his favor, by proving that on another previous occasion, though not to the prejudice of the appellant, he represented his age untruly. It might as well be said, that every person who should represent and prove a fact untruly in any court, or before any tribunal, should be forever barred in all other controversies from shewing the fact to be otherwise, although different rights hang upon the contest; which is carrying estoppels farther than we have any warrant.
Crittenden, for appellant; Mayes, for appellee.
The claim of the appellant, so far as it appears to have any legality, has originated since the appellee’s imposition upon the goverment, by acts entirely uninfluenced by that imposition, therefore, he cannot rely on an estoppel against the appellee.
The judgment is correct, and must be affirmed with costs.