Judge Ewing,
delivered the opinion, of the Court..
Cain brought an action of ejectment against Flynn, in theEstill Circuit Court. Both parties claimed under patents, under the treasury warrant act, of 1815.
Cain’s claim was surveyed, as stated imhis patent, the 11th of March, 1830, and the patent bears date the 11th of April, 1831.
Flynn’s survey bears date the 11th of March, 182.9,, *500 was registered the I5ih of January, 1331, as stated in the face of his patent, and was patented the 13th of July, 1831.
Evidence.
Provisions of the act of 1815, as to the times when titles derived under that act, shall commence.
Parol proof is not admissible to contradict or vary written instruments, made by authority of law, or the compaot of parties.
A surveyor's certificate, or the recital of its contents in a patent, cannot be eontradicted by parol evidence,— Evidence, even by the surveyor himself, to show that the survey was never made, or made at a different time, is inadmissible.
*500 Both patents embrace identically the same land.
After the plaintiff had finished his testimony, the defendant introduced the surveyor of both claims, and proved by him, that he had never made any actual survey of the plaintiff’s claim, but furnished him with the certificate of survey upon which his patent is founded, from field notes made at the time he executed the defendant’s survey. This testimony was objected to by the counsel for the plaintiff, and his objection overruled by the Court, and a verdict found and judgment rendered for the defendant;. and the plaintiff has brought the case to this Court.
The. only question for our revision, is the opinion of the Circuit Court in permitting said testimony' to be given.
The eighth section of the act of 1815 requires the certificate of' survey, to be lodged in the register’s office, in one- year from the dale of the survey,
The ninth section declares, that the actual survey shall be considered the commencement of the title, and when perfected by grant, the title shall relate to the time of the sui’vey, so. as to be available in courts of law against an elder grant founded on a younger survey.
The eleventh section provides, that if the certificate of survey is not returned into the Register’s office, in the time prescribed, the register shall indorse “received after the regular time; and in issuing grants thereon shall insert the date when registered; to which latter time the grant shall relate.”
Flynn’s certificate of survey, having been registered the 15th of January, 1831, more than a year after the date of his survey, his title relates to that time, and is younger than Cain’s, which was registered in due time, and therefore relates to the 11th of March, 1830—the date of his survey, as shown by his record evidence of tille.
Can parol testimony be permitted to show, that it was executed at a definite time, or not at all? We think it *501 cannot. Principle and policy both forbid, that written instruments, made by the authority of law, or the compact of parties—the permanent repositores and testimonies of truth, and of the most important rights, should be subject to be impeached, contradicted or annulled, by loose, collateral, parol testimony.
A patent has the dignity of record evidence of title, and its contents connot be questioned collaterally, by any thing de hors the patent, in the absence of any statutory provision authorizing it.
The surveyor, the appointed agent of the law, has made out and certified officially, the execution of a survey, for the plaintiff, on a day therein designated. That survey, by law, has been made the foundation of his patent, not only as to its boundaries, but as to the date of-its execution. The law elevates his patent to the dignity o.f record evidence of title. Shall it still, after all these solemnities, be subject to the assaults of parol tes? timony? The best interest of society demands that it should not, and the wisdom of the law forbids it. Whether the survey was actually executed, on the day designated in the patent, cannot now be questioned in a collateral proceeding, by any thing dehors the patent, there being no provision in the law, declaring the patent void, jn case of a failure to have an actual survey executed.
That the surveyor who has made the survey testifies .to the fact, avails nothing. When he has executed the trust confided to him by law, he sinks to the level of an ordinary witness, and can no more contradict his own official act, or impeach the sanctity of the patent founded thereon, than any other witness.
It is, therefore, the opinion of the Court, that the judgment of the Circuit Court be reversed, and the cause remanded, that anew trial may be granted,