## Upchurch, et al v. Sutton Bros., et al.

### (Decided February 22, 1911.)

### Appeal from Wayne Circuit Court.

1. Landowner—Divestment of Title by Possession—Proof of Intention to Claim Adversely.—It is well settled that before the owner of land, holding under title from the Commonwealth, can be divested of his title by the mere possession of another, such possession must be shown by positive proof to have been open, notorious, exclusive, hostile, continuous and adverse for a period of fifteen years before the institution of the suit, and of such a character as to give a cause of action for every moment of time, and, when such possession is claimed under different tenants the intention with which each tenant entered, and that the tenancy was unbroken, must likewise be proved.

2. Entry Under Void Patent—Acknowledgment of Superior Title.— It is also well settled that one who under a void patent, and, upon demand for possession by the true owner acknowledges the superior title of such owner, and agrees to hold possession under him, is estopped to plead adverse possession to the suit of the owner and those claiming under him, unless he had given notice to the owner fifteen years before the suit was filed, that he had changed his amicable into a hostile possession, and when the ancestor is estopped under these circumstances his heirs and representatives are likewise estopped.

O. H. WADDLE & SON and JOS. BERTRAM for appellant.

FRANK CHINN and HARRISON & HARRISON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was instituted by the appellees, State National Bank, and Sutton Bros., its lessees, to quiet the title of the former to certain lands in Wayne county described in the petition. Various persons in possession of parts of the land were made defendants.

The lands were patented by the Commonwealth to P. W. Hardin in 1873, who many years later sold and conveyed them to the appellee, State National Bank, and they are now occupied by the appellees, Sutton Bros., under a lease from the bank. Among the lands described in the petition is a 200 acre tract known as the Gum Pond survey, two parcels of which, one of 100 acres and the other 50 acres, are claimed by the appellants, Ruth Upchurch, and others, widow and heirs at law of Shadrick Upchurch deceased. Appellees admit that appellants own the title to the 100 acres referred to, but deny their title or right to the 50 acre tract, which appellants claim by adverse possession of more than fifteen years, and for the purpose of quieting their alleged title to the fifty acres appellants' answer was made a counterclaim.

It appears that Shadrick Upchurch, deceased, obtained a patent from the State to the 50 acre tract, but the patent was issued 18 years after the grant to Hardin, and appellants' alleged right to this tract rests alone upon the alleged possession of fifteen years claimed by the answer and counterclaim.

The circuit court entered a decree declaring the appellee, Bank, owner of the 50 acre tract; quieted its title to same, and dismissed appellants' counterclaim, and from that judgment the latter have appealed.

It appears from the evidence in the case that P. W. Hardin in 1892, went upon these lands with a surveyor and caused the lines thereof to be run. At that time Shadrick Upchurch, who owned an adjacent tract, was in possession of the 50 acres now in controversy and had erected a cabin thereon, which was then occupied by a person claiming to be his tenant; but in an interview which then took place between Upchurch and P. W. Hardin, he admitted in the presence of W. C. Bell, the surveyor, and Silas Dishman, that Hardin's title to the land was superior to his (Upchurch's) patent, and that Hardin then agreed with him that he might remain in possession of the cabin and land as Hardin's tenant, with the right to use firewood therefrom and to cultivate the few acres of cleared land around the cabin.

The depositions of Bell and Dishman appear in the record in which they testify to the foregoing facts, and we do not find that they were contradicted by any of appellants' witnesses. Their testimony, therefore, establishes the fact that Hardin's superior title to the 50 acre tract was recognized in 1892 by Shadrick Upchurch and that the latter then became Hardin's tenant thereon; and we are further unable to find in the record that such tenancy was ever denied or repudiated by Shadrick Upchurch before his death, which occurred about 8 years before the institution of this action. It is true that the appellant, Ruth Upchurch, and three or four witnesses introduced in her behalf, testified that Shadrick Upchurch claimed to own the land down to the time of his death and that he had possession thereof by various tenants, but this testimony is, after all, quite indefinite, as it fails to show what tenants of Shadrick Upchurch occupied the land, how long any one of them remained upon it, or upon what terms they or any of them, held the possession under Shadrick Upchurch. In other words, appellants' testimony fails to show an unbroken possession of the land for the time necessary to constitute such possession a bar under the statute; nor is there any evidence of a convincing character tending to show that the possession was adverse to Hardin or his grantees.

Appellees' witnesses Bell and Dishman, appear to be persons of mature age, intelligence and good character, and their positive testimony as to Shadrick Upchurch's recognition of Hardin's title and the fact of his tenancy under Hardin, was, we think, sufficient to in-

fluence the chancellor to render the judgment complained of.

It is well settled that before the owner of land holding under title from the Commonwealth can be divested of his title by the mere possession of another, such possession must be shown by positive proof to have been open, notorious, exclusive, hostile, continuous and adverse for a period of fifteen years before the institution of the suit, and of such a character as to give a cause of action for every moment of that time. And when such possession is claimed under different tenants, the intention with which each tenant entered and that the tenancy was unbroken, must likewise be proved. Ashcraft vs. Courtenay, 121 S. W. 625; Sowder & Myers vs. McMillen's Heirs, 4th Dana, 456.

It is also well settled that one who enters under a void patent and upon demand for possession by the true owner, acknowledges the superior title of such owner and agrees to hold possession under him, is estopped to plead adverse possession to the suit of the owner and those claiming under him, unless he had given notice to the owner fifteen years before the suit was filed, that he changed his amicable possession into a hostile possession. And when the ancestor is estopped under these circumstances his heirs and representatives are likewise estopped. Haffendorfer vs. Galt, 84 Ky. 124; South's Admr. vs. Marcum, 15 R. 339; Gay vs. Moffett, 2nd Bibb, 506; Cyc., vol. 1st, page 1030-32; Fields Heirs v. Napier, 25 R., 240.

Viewed as a whole appellants' evidence is not sufficient to show either that Shadrick Upchurch ever repudiated the title of appellees' or their grantor, Hardin, or denied his holding of the land as a mere tenant for them; and it is manifest that if his widow and heirs have done so since his death, it was not as much as fifteen years before the institution of the suit.

Therefore, the latter are now estopped to deny such tenancy. Indeed, the proof does not show that appellants ever openly or formally denied their tenancy until after the institution of appellees' action, and they were, therefore, the tenants of appellees at the time of the institution of the suit; and through them and one Turner, who was likewise a tenant of appellees and in possession of the land, the latter had at the time of the institution of the action such actual possession, as well as title, as permitted them to sue in equity to quiet their title.

Appellants' complaint, that they were not permitted an opportunity to try the question of possession before a jury is unavailing, as they made no motion to transfer the case to the law docket for that purpose, and them-selves moved for a submission and trial before the chan-cellor.

Finding no cause to disturb the judgment, the same is affirmed.