## In re MIMMS & PARHAM.

(District Court, W. D. Kentucky. February 3, 1912.)

BANKRUPTCY (§ 288*)—ADVERSE CLAIM—SUMMARY PROCEEDING.

Where a trustee in bankruptcy is not in actual possession in the legal sense, and a third person asserts an adverse claim of ownership and possession which is not merely colorable but is made in good faith, the rights of the parties must be settled in a plenary suit, and not in a summary proceeding in the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 288.*]

In the matter of Mimms & Parham, bankrupts. On review of order of referee.

S. Y. Trimble and J. B. Baskin, for Planters' Trust Co.

J. R. Mallory, J. R. Duffin, and S. M. Sapinsky, for trustee.

EVANS, District Judge. By a deed dated May 2, 1911, the bankrupt and his wife conveyed to the Planters' Trust Company (to be herein called the Trust Company) in fee simple certain lands in Todd county which are described in the deed. On the same day the parties entered into a contract in writing, wherein it was provided that, though the Trust Company had that day purchased the lands for $60 per acre, yet that the bankrupt was given an option to buy the lands back at the same price within 15 months, provided certain promissory notes therein described were satisfied in full. It was further provided that the bankrupt should remain in possession of the lands for the option period of 15 months, operate the same, and collect and retain the proceeds of the sale of crops, provided he paid all interest that might accrue on the indebtedness. The bankrupt was also to keep up the insurance. In the course of these proceedings before the referee, the trustee of the bankrupt filed a petition, pursuant to official form 43 prescribed by the Supreme Court (18 Sup. Ct. xxxviii), in connection with the general orders in bankruptcy for the sale of the lands free of all liens, and based his prayer for the order upon the assertion that the two writings we have described, when taken together, constituted a mortgage, and that the intention was that they should be a security for the indebtedness described in the second of the papers. Being notified of the time and place for hearing the petition, the Trust Company entered its special appearance for the sole purpose of raising the question of the jurisdiction and power of the referee to order a sale of lands claimed by it. Its mode of making its objection was by filing a demurrer to the trustee's petition. This demurrer, if in writing, was not sent up (as it should have been), but it is described in the referee's certificate, wherein it is stated that the demurrer says:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"That this referee has no jurisdiction of said matter, and has no right or authority to make an order for the sale of said•lands or to adjudge its deed of conveyance to be a mortgage or. fraudulent or grant any relief prayed for in the petition pertaining to said land, and states, further, that it has both a legal and equitable title to said lands and is now and has at all times since May 2, 1911, been in the actual possession of same and has leased said property to the said George Mimms.

"It further states that on the 2d day of May; 1911, the bankrupt, George Mimms, executed and delivered to it an absolute deed, conveying to it the fee-simple title to the property described in the petition of the trustee, which deed was duly acknowledged by said Mimms, and was by it duly recorded in the office of the clerk of the Todd county court; that the consideration of said conveyance was the sum of three thousand dollars ($3,000.00) in cash then paid said bankrupt; also the assumption of a mortgage upon said land for four thousand dollars ($4,000.00), due to the Northwestern Mutual Life Insurance Company, of Milwaukee, Wis., also the assumption of a debt amounting to four thousand one hundred and eighty-three and $20/100$ ($4,183.-20) owing to the Planters' Bank of Trenton, Ky., also the assumption of a debt of seven thousand six hundred and thirty-five ($7,635.00), owing to the Planters' Trust Co., as the administrator of the estate of S. D. Chestnut, deceased; also the satisfaction of a debt of three thousand two hundred and forty-four and $55/100$ ($3,244.55), owing to the Planters' Trust Company, and it further states that within the true intent and meaning of the bankrupt laws it has been ever since May 2, 1911, and is now, an adverse claimant of said lands, and that proceedings (if any) against it seeking the relief prayed for in the petition must be by plenary action, and not by summary proceedings, and all of which it prays the judgment of the court, and it prays that the petitioner, the said trustee, take nothing by his petition; that it be dismissed and for all proper relief in the premises."

Assuming that the paper is correctly described, it is very plainly a "speaking demurrer"—that is to say, it is one which does not merely challenge the legal sufficiency of the pleading objected to, assuming its averments to be true, but is one in which are introduced statements of other facts of an affirmative character. This is not admissible when fixed and definite rules are applied. However, there are no specific rules of pleading applicable to the matter before us, but the difficulties attending the settlement in a proceeding in bankruptcy before a referee of questions such as now presented are very apparent. How on an application under form 43 for an order of sale pleadings in reason-ably due form can be made up in a mere proceeding in bankruptcy, for the determination of adverse claims to property, which it is asserted is not in the trustee's possession, is not clear, and it is by no means clear, if the pleadings were made up, that the referee would be au-thorized to hear and determine the issues raised.

The trustee filed an "answer" to the "demurrer" in which he denied all its averments. Nothing could be more inartificial than this situa-' tion. But disregarding mere forms where none are specifically pre-scribed, and coming to the substance of things, we are disposed to dis-regard misnomers, and to treat the so-called "demurrer" and "answer" thereto as the statements by the respective parties of the facts upon which the Trust Company on the one side and the trustee on the other attempt to show the good faith, or the reverse, of the Trust Company's claim of title to the lands adversely to that of the trustee of the bank-rupt. The Trust Company does not deny that, as its tenant during the option period, the bankrupt was in possession of a term of 15 months

from May 2, 1911, but it can hardly be contended that its tenant's possession was not its own.

If the trustee is not in actual possession, in the legal sense, of the estate, and if the Trust Company asserts an adverse claim to the ownership of the lands and its possession thereof by its tenant, and if that claim is not merely colorable, but is one made in good faith, then, under authorities like Louisville Trust Co. v. Comingor, 184 U. S. 18, 25, 22 Sup. Ct. 293, 46 L. Ed. 413, same case sub. nom. Sinsheimer v. Simonson, 107 Fed. 898, 47 C. C. A. 51, First National Bank v. Title & Trust Co., 198 U. S. 289, 25 Sup. Ct. 693, 49 L. Ed. 1051, Loveland on Bankruptcy (3d Ed.) 100, 102, Jacquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620, and In re Peacock (C. C.) 178 Fed. 851, it would seem to be clear that the controversy in respect to such claim is one which should not, and indeed cannot, be settled in a summary way in this proceeding. On the contrary, the rights of the parties must be settled in a plenary suit to be brought by the trustee either in a state court or in this court under sections 23 and 60 of the bankruptcy act. We do not doubt that the trustee is in possession of the term, as far as a tenant can be, and,. if that only were involved, the case In re McMahon, 147 Fed. 684, 77 C. C. A. 668, would sufficiently guide us to the conclusion that the referee would have authority to direct a sale of the term. But that would be an insignificant and uncertain matter, difficult and deterrant to those contemplating a purchase, as the term is burdened with the condition requiring the payment of interest on the indebtedness. That phase of the case is not the one reached here. The petition of the trustee is for a sale of the fee-simple title. Under Kentucky Statutes, § 491, possession accompanies and follows the legal title, and upon elementary principles the possession of the tenant is that of the landlord. Prima facie the trustee has succeeded to the tenancy for the remainder of the 15 months' term only.

We find from the record sent up by the referee that the Trust Company asserts and claims title to and possession of the lands adversely to the trustee, except as to the term to expire August 2, 1912. We find, furthermore, that this adverse claim is not fictitious nor colorable, but is made in good faith. In saying this, however, we express no opinion as to the merits of the claim. The Trust Company does in good faith claim to be the owner in fee simple of the lands under the deed referred to, though it-has given an option for a repurchase thereof by the bankrupt. The trustee not only denies this, but contends that the Trust Company only has a mortgage upon the land, and that the mortgage was avoided by the adjudication.

Issues and adverse claims like these should be tried in a plenary action, and not in a proceeding in bankruptcy. We therefore hold that the referee has not jurisdiction to order a sale of the lands except to the extent of the option term, and, upon the facts disclosed by the record, he should, except to that extent, deny the petition of the trustee. Probably the latter would not desire a sale of the term, and may withdraw his petition.

An order accordingly will be made.