## DAVIS v. PLANTERS' TRUST CO. et al.

### (District Court, W. D. Kentucky. June 25, 1912.)

1. BANKRUPTCY (§ 211*)—STATE COURTS—JURISDICTION TO DETERMINE QUESTIONS ARISING UNDER BANKRUPTCY ACT.

In a suit in a state court to quiet title, brought under Ky. St. § 11, which authorizes such a suit by any person having both the legal title and possession of land against any other person setting up claims thereto, the court has jurisdiction to determine a claim set up by a defendant as the trustee in bankruptcy of plaintiff's grantor that the conveyance to plaintiff was in fact a mortgage, and void as an illegal preference, under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), as amended by Act June 25, 1910, c. 412, § 11, 36 Stat. 842 (U. S. Comp. St. Supp. 1911, p. 1506), especially in view of the provision of such section giving the state courts concurrent jurisdiction with courts of bankruptcy of suits to avoid preferences.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 321, 323; Dec. Dig. § 211.*]

2. BANKRUPTCY (§ 211*)—FEDERAL AND STATE COURTS—PRIORITY OF JURISDICTION.

Where, in such case, the trustee set up his claim by answer, the state court acquired jurisdiction of the controversy to the exclusion of that of a federal court in a suit subsequently commenced therein by the trustee to avoid the transfer which will be stayed until the state court has determined the matter, unless there should be such delay as to interfere seriously with the settlement of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent, Dig. §§ 321, 323; Dec. Dig. § 211.*

Conflict of jurisdiction of federal courts with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

In Equity. Suit by W. G. Davis, trustee in bankruptcy of George Mimms, against the Planters' Trust Company and others. On plea of defendants. Order staying hearing.

S. M. Sapinsky, of Louisville, Ky., and J. R. Mallory and Petrie & Standard, all of Elkton, Ky., for complainant.

Bodley & Baskin, of Louisville, Ky., and S. Y. Trimble, of Elkton, Ky., for defendants.

---

EVANS, District Judge. This action in equity by a trustee in bankruptcy was commenced on March 9, 1912, and upon a very elaborate statement in the bill the complainant prayed as follows, namely:

"(a) That the said defendants hereto, and each of them, be compelled to answer each and every allegation in this bill contained (but not under oath, which is hereby waived) as fully as if directly interrogated as to each.

"(b) That the aforesaid deed of conveyance from George Mimms and wife to the Planters' Trust Company of May 2, 1911, and of record in the aforesaid Todd county (Ky.) court clerk's office in Deed Book 34, p. 264, be declared to be a mortgage, and that said mortgage be declared a preference denounced by the present Bankruptcy Act, and voidable by this plaintiff, and that said mortgage be annulled, vacated, set aside, and declared void, and that said realty be declared to belong to this plaintiff free from said deed and from any claim or lien of any sort on the part of the defendants hereto, or either of them, and that said writing of May 2, 1911, between said Planters' Trust Company and said Mimms be treated as part of the aforesaid deed, and in the same wise, and be so decreed against.

"(c) That this plaintiff have such further and other relief and decree in the premises as to the court may seem proper and required by the principles of equity and good conscience."

This relief is sought under clauses "a" and "b," § 60, of the Bankruptcy Act, which are as follows:

"(a) A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists of a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required.

"(b) If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

[1] The defendants have interposed a plea wherein, speaking generally, they assert that theretofore, namely, on October 31, 1911, the defendant Planters' Trust Company had instituted a suit in equity in the Todd circuit court against the complainant as trustee of Mimms & Parham, bankrupts, and against other defendants associated with him, in which it alleged itself to be the owner and in possession of the land described in the bill of complaint in this action, and which, it is asserted, is the same as that described in the suit in the Todd circuit court; that in said suit the Planters' Trust Company seeks to quiet its title to the land; that, in order to show itself entitled to that relief, it

had also alleged, among other things, that the said Davis, trustee, was slandering its title, and was not only claiming that the Planters' Trust Company had no title thereto, but was himself asserting that it was his property. It had thereupon prayed relief as follows:

"That process issue herein against all the defendants; that they be required to appear herein and interplead, if any adverse claim they make or have against the plaintiff's right, title, or interest in said land; that they be required to set up same herein, and it prays that the court adjudicate the same; it prays that its title to the said lands be established, and put at rest by a judgment of this court, and be forever quieted against any and every claim of the defendants adverse thereto, and finally it prays for its costs and all proper relief."

This prayer is based upon section 11 of the Kentucky Statutes, which reads thus: .

"It shall and may be lawful for any person, having both the legal title and possession of lands, to institute and prosecute suit, by petition in equity in the circuit court of the county where the lands or some part of them may lie, against any other person setting up claims thereto; and if the plaintiff shall be able to establish and does establish his title to said land, the defendant shall be, by the court, ordered and decreed to release his claim thereto."

In Gordon v. Gilfoil, 99 U. S. at page 178, 25 L. Ed. 383, the Supreme Court said:

"The suggestion was that, as the proceedings in the order of seizure and sale were still pending in the district court, the debt could not be prosecuted in the Circuit Court of the United States. But it has been frequently held that the pendency of a suit in a state court is no ground even for a plea in abatement to a suit upon the same matter in a federal court. What effect the bringing of this suit via ordinaria may have had on the order of seizure and sale it is not necessary to determine. It is possible that it superseded it. But the pendency of that proceeding, when the suit was commenced, cannot effect the validity of the proceedings in this suit, nor the jurisdiction of the court in repect thereof."

In view, however, of many decisions since rendered enforcing the rule of comity between courts of concurrent jurisdiction, it would be vain to inquire whether that language is to be taken literally in any case not strictly in personam.

Whatever other courts have said our present inquiry must bear close relation to the following propositions laid down by the Circuit Court of Appeals of this circuit in Phelps v. Mutual Reserve Fund Life Association, 112 Fed. at pages 464, 465, 50 C. C. A. at page 351, 61 L. R. A. 717, where it was said:

"It is a rule of almost universal application that between courts of the same sovereignty and concurrent jurisdiction the court *which first acquires jurisdiction of the controversy or of the res* should be suffered by every other court to decide every question within the sphere of the pending cause, and to continue in the possession of the subject-matter of the controversy until every question before it shall be decided and the *res* discharged from its control. This rule has its foundation, perhaps, in comity; but the fruits of its recognition have been so beneficent, when applied to courts of concurrent jurisdiction created by different sovereignties, as to justify the conclusion that it is not only a rule of comity, but one of necessity. The cases are numerous which recognize its binding force and illustrate its wide application. No useful purpose will be subserved in making quotations from them."

We have italicized the part of this language bearing most strongly upon the proposition that the court which first acquires jurisdiction either of the "controversy" or of the "res" must be left in control of the litigation.

Did the state court first "acquire jurisdiction of the controversy"? Is the claim presented by the bill in this case "within the sphere of the cause" pending in the Todd circuit court?—are the two dominant questions which must be determined upon a consideration of the relief sought by the two suits, respectively, as indicated by the prayers above set forth in connection with the statutes upon which the separate suits are founded. Nor must we fail to bear in mind that this is not a controversy involving a mere pecuniary liability, but is one at least quasi in rem, although no seizure of a res has actually been made. The controversy affects the title to a res—the land—and all the evils which might result from conflicting judgments respecting that res by two courts of different sovereignties but of concurrent jurisdiction over the subject-matter are at least possible. It may be that there is a difference in the phrase "having both the legal title and possession of lands," used in section 11 of the Kentucky Statutes, and the averments of the petition filed in the Todd circuit court, wherein the plaintiff in that suit asserts "that it is the owner of and is now in the possession of the" real estate, but whether this departure in the pleading from the precise language of section 11 is material for present purposes we shall not inquire, though we hardly think it can be.

It appears from the transcript of the record in the state court suit which accompanies the plea that a defendant in that suit, namely, W. G. Davis, trustee, the complainant in this action, filed an answer therein at the December term, 1911, in which he put in issue all the material averments made against him in the petition of the Planters' Trust Company, the plaintiff in that suit. Davis, the trustee, in his answer in the state court, after admitting the adjudication in bankruptcy of Mimms & Parham and his own appointment as their trustee, proceeds to aver that within four months next preceding the adjudication the bankrupt, Mimms, and his wife, had conveyed the real estate in controversy to the Planters' Trust Company by a deed which on its face purported to convey it in fee simple at the price of $60 per acre, but that said bankrupt, being at that time and previously thereto indebted to the Planters' Trust Company in large sums, simultaneously with the execution of the deeds received from the said Planters' Trust Company another writing, whereby the latter agreed to sell the land back to the said bankrupt vendor within a limited period at the same price, and the trustee proceeds to aver that in reality the parties did not intend that the deed should convey the fee-simple title, but intended that the two papers together should create a mortgage on the land to secure the payment of the antecedent indebtedness, and therefore, as the mortgage was void under the Bankruptcy Act, the title to the land passed to him. The last-described writing is set forth in full in the answer of the defendant, Davis, trustee. True, these allegations were made in support of that part of the answer of the

trustee, Davis, which claimed that the bankruptcy court had first acquired jurisdiction over the subject-matter of the action, viz., the title to the land, through a suit brought therein before the Planters' Trust Company had sued in the state court. This so-called "suit" we shall notice further along, and shall then indicate why, as it was brought in a summary way before the referee in the bankruptcy proceeding proper, the referee had no jurisdiction of the controversy sought to be settled by it. Nevertheless, the claim of the trustee in bankruptcy to the land was in fact disclosed by the trustee's answer filed in the state court suit, and we think the scope and sphere of that suit must embrace all claims to the title to the land which could be asserted by any party thereto. The trustee, Davis, claims the right to "recover the land," and this claim necessarily is antagonistic to that of the Planters' Trust Company, and the title of the latter can, under section 11 of the Kentucky Statutes, be quieted as against any and all claims which the defendants in its suit may have thereto. The judgment in its suit will bind and estop all parties to it. Undoubtedly each defendant in that suit has the right to set up and have therein litigated any claim he may have to the land, and thus, if, in the judgment of the court, it is proper, defeat the action of the Planters' Trust Company and establish his own claim.

The pleading of Davis, trustee, filed in the state court, further states:

"Defendant says by reason of the aforesaid that the plaintiff the Planters' Trust Company is not the owner of said real estate, and is not now in possession of same, and has never been the owner of said real estate under said alleged deed of conveyance, and has never had the possession or any possession thereof.

"Defendant, still answering, says, further, that long prior to the institution of this suit on the 31st day of October, 1911, to wit, on the 29th day of August, 1911, certain creditors of George Mimms and certain creditors of the firm of Mimms & Parham instituted their respective proceedings in the federal court in the United States District Court for the Western District of Kentucky in the Owensboro division, seeking to have the said George Mimms and the said firm of Mimms & Parham adjudged bankrupts, and that the said Mimms and the said firm were, pursuant thereto, duly adjudged bankrupts, as is heretofore herein fully alleged, and this trustee, in regular order, pursuant to said adjudication, was elected trustee; that he reported to the referee to whom this cause was referred the facts and circumstances relative to the history of the title to the real estate hereinbefore fully described; and that, upon orders duly made, a suit has been instituted in the said District Court before the honorable referee in bankruptcy, reciting all said facts and seeking to set aside the alleged conveyance from the said George Mimms to the firm of Mimms & Parham, and that said suit is now pending in said court, and the plaintiff herein and all necessary parties hereto are before the court in that proceeding.

"He says, further, that there is involved in the said proceeding in the said federal court, not only the question as to the title to the real estate, but that that court has in its custody and jurisdiction all the personal estate of the said bankrupts George Mimms and the firm of Mimms & Parham; that he is advised that it will be contended by plaintiff herein that in its alleged purchase of real estate it canceled certain indebtedness and obligations between George Mimms and itself, for which it had security by liens of some kind on personal property, and that, in the event the deed is set aside, plaintiff will then endeavor to go back on personal property and assert its claim and lien thereon, and that for this reason equity demands that this said court relin-

quish all alleged jurisdiction herein and abate this action pending the action in the aforesaid United States court.

"Defendant denies each and every allegation of plaintiff's petition herein relative to the claims of W. G. Davis as an individual; but says, on the contrary, that he acts in this matter as trustee as is alleged in plaintiff's petition, and not otherwise.

"Wherefore, having fully answered plaintiff's petition, defendant prays judgment that this cause be abated, and that it await the action and proceeding in the United States District Court; that finally said cause be dismissed and stricken from the docket, and for his costs and all proper and equitable relief to which he may be entitled in the premises."

As will be seen, the "suit" in this court referred to in the foregoing extract was brought before the referee in the bankruptcy proceeding proper. That officer rendered a judgment therein. A review by the court of this judgment was sought, and after a full hearing the ruling of the referee was reversed and set aside on February 3, 1912, upon reasons stated in an opinion reported in Re Mimms & Parham (D. C.) 193 Fed. 276, wherein the character of that "suit" was fully described. Briefly stated, the reason upon which the court acted was that the summary proceeding before the referee in the bankruptcy case was not authorized by law, and gave the referee no jurisdiction over the property because it was claimed adversely by the Planters' Trust Company, under which state of case the controversy could only be litigated in a plenary suit inter partes. Indeed, it was altogether clear that the referee had no jurisdiction to entertain or determine the "suit" referred to. After the judgment to which we have referred Davis brought this suit.

The claim was also made by the trustee in his answer in the state court that the bankruptcy court had acquired jurisdiction of all the bankrupt's estate, and that the title thereto passed to the trustee at once. This, as a general proposition, might be quite true, but it nevertheless leaves open the question of what were, in fact, the bankrupt's assets and property. The contentions now between the parties relate to that question, one claiming one way and the other the contrary in respect to the land. The situation being thus somewhat fully stated, we come to the question, "What is within the sphere of the cause?" in the state court—the one first commenced? Of course, if that suit had been to recover specifically named property, or if it had been one seeking to enforce a lien upon definitely described real or personal estate, or if it had been a suit for the distribution of assets, either of a partnership or of an insolvent person, or if it had been one upon other kindred causes of action, there could be no doubt that the case came within the ruling in Phelps v. Mutual Reserve Fund Life Association. This case is not as simple as any of those to which we have alluded, and our difficulties have grown out of the provisions of section 11 of the Kentucky Statutes and section 60 of the Bankruptcy Act when considered in connection with the facts as we have stated them. As the suit in the Todd circuit court was begun first, the sufficiency of the plea under consideration must primarily be considered under section 11 of the Kentucky Statutes, and we must ascertain whether one who has the legal title and the possession of lands can quiet his title thereto against such claims as that

of the trustee in bankruptcy in this case. As there is no limit fixed in section 11 and no exceptions specified as to the character of claims upon the land which may be set up in any suit brought under its provisions, we cannot suppose that the statute should be very strictly construed. It seems to be general in its scope, language, and purposes, though we must, if possible, ascertain the interpretation given it by the Court of Appeals of the state in order to determine the sphere or scope of such an action, and thus be able to see what claims to land may be set up and adjudicated therein. After much search, we cannot say that we have been able to find that any definite general rule has been formulated for our guidance, but cases like Upchurch v. Sutton Bros., 142 Ky. 420, 134 S. W. 477, Johnson v. Farris, 140 Ky. 435, 131 S. W. 183, Fox v. Cornett, 124 Ky. 139, 92 S. W. 959, 29 Ky. Law Rep. 246, Kincaid v. McGowan, 88 Ky. 101, 4 S. W. 802, 9 Ky. Law Rep. 987, 13 L. R. A. 289 et seq., and Sheffield v. Day, 90 S. W. 545, 28 Ky. Law Rep. 754, seem to indicate that the Court of Appeals regards section 11 as a broad one, which reaches and embraces any sort of claim which can be "set up" to land owned and in the possession of the plaintiff, especially as the latter, being in possession, cannot sue in ejectment. We suppose, indeed, that the remedy given by section 11 would be quite inadequate if the rights of one in possession of land and who claims the legal title thereto could not be settled as against all claims whatsoever which could be "set up" by any one made a defendant to the suit, and in that view we have concluded that the claim of Davis, trustee, not being excluded by any exception in section 11, is within the sphere of the state court suit, especially as that very claim is disclosed by him therein. He now also asserts that he has title to the land and claims the right to "recover" it upon the ground that the conveyance to the Planters' Trust Company was, at most, a mere mortgage, and, that being such, it was void because made to secure an antecedent indebtedness within less than four months before the adjudication in bankruptcy, and that, these things being true, the title passed to him under section 70 of the act. He thus again clearly discloses that he has a claim to the land. This being so, we know of no reason why his claim may not be adjudicated in the suit in the state court, especially in view of that clause of section 60b, which, in respect to claims such as that of Davis, trustee, gives concurrent jurisdiction to the state and federal courts. Of course, the state court may exercise its jurisdiction according to its own forms of procedure, and it abundantly appears that Davis, trustee, may assert in the suit in the state court any claim he has to the land. In short, we think the claim of Davis, trustee, is within the sphere of the cause pending in the state court, because, first, by section 60b of the Bankruptcy Act, the state courts are given concurrent jurisdiction with those of the United States of causes such as the one stated in complainant's bill, and which necessarily involves a claim to the property he seeks to recover; second, in order to quiet the title of the Planters' Trust Company to the land as prayed for in its suit in the Todd circuit court, there would seem to be no reason why the claim to that land disclosed by Davis, trustee,

alike in his answer in the state court and in his bill of complaint in this action, may not be heard and determined by the state court, especially as the claim of Davis, trustee, must be heard before it can be seen whether the title of the Planters' Trust Company should be quieted as against him; and, third, comity between courts of concurrent jurisdiction requires that the court in which a suit of this character was last commenced shall yield to that in which a suit involving the same subject-matter was first brought, particularly as either court necessarily must consider and adjudicate the question of who has the title to that res which alone is in contest in both suits. Conflicting judgments in such a situation would, to say the least, be most embarrassing.

[2] The opinion of the Circuit Court of Appeals of the Eighth Circuit in Zimmerman v. So Relle, 80 Fed. 417, 25 C. C. A. 518, and the opinion of Judge Van Fleet in Vowinckel v. Clark & Sons (C. C.) 162 Fed. 991, strongly support these conclusions, and also the procedure we have concluded to adopt in this case, and which may now be stated together with the reasons therefor. Suppose for some cause the suit in the state court should be unreasonably delayed and the trustee be thwarted in his desire and in the performance of his duty to secure a speedy determination of the claim he had set up to the land or an interest therein, we should leave ourselves in that event at liberty to hear and determine the case on its merits, for otherwise the proceedings in bankruptcy may be unduly interrupted, and in the great resulting delay injustice might be done the creditors of the bankrupts. Consequently, while we think, as matters now stand, that the plea is good, we shall not definitely pass upon its sufficiency, but will enter an order staying the proceedings in this action and postponing an actual determination of the sufficiency of the plea until January 1, 1913, with liberty to the complainant then again to bring the case to the attention of the court, so that it may be then determined what, if any, further steps are necessary or appropriate.