## Collins v. Flynn.

(Decided November 12, 1913).

### Appeal from Estill Circuit Court.

1. Trial—Evidence.—Upon a trial, in cross-examining a witness, the adverse party may prove by such witness, even though he be a party to the action, any fact which would be competent as evidence bearing upon the issues made by the pleadings. In such case, the witness, if the testimony be new matter, becomes the witness of the party making the cross-examination.

2. Public Lands—Patents—Validity—Collateral Attack.—Ordinarily, the validity of a patent cannot be collaterally attacked; the exceptions to this rule being where the patent is void upon its face, or has been issued in contravention of a statute which declares that issuance of the patent under the circumstances prohibited shall render it void, or where it is issued under circumstances which the statute declares to be fraudulent.

3. Public Lands—Patents—Validity—Evidence.—Where it is stated in the elder of two conflicting patents that it was issued in pursuance of a previous entry and survey of the land, the validity of such patent cannot be overthrown by the testimony of a claimant of the land, under a junior patent, that he and his attorney, upon searching the records of the county clerk, had failed to find any evidence of its having been entered or surveyed.

4. Adverse Possession—Character of—Evidence.—In an action involving title to land, proof that a claimant of the land under a junior patent did occasional cutting of timber thereon, at intervals fed hogs thereon, cleared and for two years cultivated a small parcel of the land, and at times fenced a party thereof, though such acts from first to last stretched over a period of fifteen or more years, did not constitute actual, adverse and continuous possession for fifteen years preceding the institution of the action.

5. Adverse Possession—Character of.—In order to defeat the title of the holder of an elder patent by adverse possession, the possession of the junior patentee must not only be within the lap of the conflicting patents but such possession must be shown to have been actual, continuous and adverse for a period of fifteen years before the institution of the action, and of such a character as to give a cause of action for every moment of that time.

J. B. WHITE, KELLY KASH for appellant.

RIDDELL & FRIEND for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was brought by the appellee, Levi H. Flynn, as authorized by section 490 of the Civil Code, to obtain a decree for the sale of sixty-eight acres of land described in the petition and a division of the proceeds between himself and certain other heirs-at-law of Levi Flynn, deceased, made defendants to the action; it being alleged in the petition that the share of each owner was worth less than one hundred dollars, that the land is in the possession of the owners, and that the same can not be divided without materially impairing its value. The appellant, F. M. Collins, whose wife is a daughter of Levi Flynn, deceased, and a sister of the appellee, filed an intervening petition wherein he claimed to be the owner, and in possession, of sixty-one

acres of the land described in the petition, alleging that he acquired title thereto under and by virtue of patent No. 66,758, issued to him by the Commonwealth of Kentucky March 27, 1903. Appellant was made a party defendant to the action and his petition taken as his answer to the petition of appellee. Thereafter, appellee filed an amended petition and also a reply to the petition and answer of appellant. In the amended petition it was alleged that the title to and possession of the land in controversy descended, under the statute, to appellee and the other heirs-at-law of Levi Flynn, at his death, and that the latter acquired title thereto by patent No. 27,350, issued by the Commonwealth of Kentucky April 23, 1857, but that five acres of the land lying on the right hand side of the Napper branch was sold and conveyed by the patentee, before his death, to one Edward Barnes, which left, of the land embraced in the patent boundary, sixty-eight acres. The patent to Levi Flynn, deceased, was filed with and made a part of the petition as amended. The reply, filed by appellee to the petition and answer of appellant, controverted all the affirmative matter thereof. Following the completion of the issues as above indicated, the action was transferred to the ordinary docket, and a jury empaneled to try the question of title. Appellant, thereupon, introduced his evidence, after which the jury were directed by a peremptory instruction from the court to find for the appellee, and such was their verdict.

The appellant moved for a new trial and now seeks a reversal of the judgment of the circuit court upon the ground that the court erred in granting the peremptory instruction directing a verdict for appellee; it being claimed by him that the patent to Levi Flynn, deceased, is void, and that appellant's posession of the land should have been held sufficient to defeat its recovery by appellee. It is complained that the trial court, while appellant was testifying in his own behalf, permitted appellee's counsel on cross-examination to have him identify the patent issued to Levi Flynn, deceased, April 23, 1857, and read it as evidence to the jury.

With reference to the latter contention, it is sufficient to say that, on cross-examination of a witness by the adverse party, the latter may prove by such witness any fact which would be competent as evidence bearing upon

the issues made by the pleadings. Nor does the fact that the witness happens to be a party to the action alter the rule. It is true that in such case, if the testimony adduced be new matter, yet germane to the issues of fact, the witness, as to such new matter, becomes the witness of the party examining him; but such new matter, although constituting admissions favorable to the party eliciting it cannot, if competent, be excluded because the witness happens to be a party to the action and by reason thereof will suffer from such admissions. It is not, therefore, a proper ground of complaint that the evidence upon which the peremptory instruction was based was obtained in the form of admissions from the appellant himself after testifying in chief in his own behalf.

It is manifest that the testimony elicited from the appellant by counsel for appellee, after he had testified in chief in his own behalf, was sufficient to defeat the claim of title asserted by him to the land in controversy, for he admitted that the land covered by the patent issued to him March 23, 1903, is also embraced by and included in the patent issued to Levi Flynn, deceased, April 23, 1857; and, as the latter is the elder grant, it must prevail, unless the patent is void as contended by appellant, or the superior title acquired thereunder by appellee and the other heirs-at-law of Levi Flynn, deceased, is defeated by the actual, adverse and continuous possession of the land by appellant for as much as fifteen years.

Section 924, Kentucky Statutes, among other things, provides, "Every entry, survey or patent made or issued under this chapter shall be void, so far as it embraces lands previously entered, surveyed *or patented.*" Is the elder Flynn patent, identified and read to the jury by appellant and which admittedly covers the same land included in the junior Collins patent, void? It is insisted for appellant that the Flynn patent was issued without authority of law, because there had been no previous entry or survey made of the land embraced therein. But the only proof supporting this claim is that furnished by the testimony of appellant alone, to the effect that he and his attorney, now dead, at the time of surveying the land in question for the purpose of procuring the patent issued to him, upon examining the orders of the county court and the reports of surveys recorded therein, were unable to find that there had been such an entry

and survey of the land for the Flynn patent. If it should be conceded that the absence of such an entry and survey could be shown in a collateral attack upon the patent, by parol evidence, the testimony in question could not be held sufficient. Such evidence would have to be furnished by the testimony of the county clerk, the legal custodian of the records in question, or by the introduction of the records. Obviously, the mere statement of appellant that he or his attorney had, upon searching the records, failed to find the necessary entry and survey should not be allowed to contradict the recitals of the elder patent, which declare, that "by virtue and in consideration of an order from the Estill County Court there is granted by the said Commonwealth unto Levi Flynn, assignee of John Himer, a certain tract or parcel of land, containing seventy-three acres, by survey bearing date the 3rd day of June, 1856."

According to the weight of recognized authority, the validity of a patent cannot ordinarily be inquired into in a collateral proceeding. But, to this rule there are some exceptions. The rule, as well as the exceptions thereto, is stated in Miller, et al. v. Breathitt Coal, Iron & Lumber Co., 152 Ky., 390, as follows: "Ordinarily, the validity of a patent cannot be collaterally attacked; there are, however, some exceptions to this general rule, as where the patent is void upon its face, or has been issued in contravention of a statute, which declares that issuance of the patent under the circumstances prohibited, shall render it void, or where it is issued under circumstances which the statute declares to be fraudulent: Frazier v. Frazier, 81 Ky., 138; Jennings v. Whitaker, 20 Ky., 50; Clark v. Jones, 55 Ky., 25; Bledsoe's Devisees v. Wells, 7 Ky., 329; Taylor v. Fletcher, 46 Ky., 80; Marshall v. McDaniel, 75 Ky., 378; Bryant v. Kentucky Lumber Co., 144 Ky., 775."

There are also authorities which hold the failure to make, as required by law, the survey upon which the patent is issued, or the failure to make the survey at all, does not bring the patent within any exception to the above rule." Kain v. Fylnn, 34 Ky., 501; American Land Association, Ltd. v. Innis, 109 Ky., 595; Uhl, Use, Etc. v. Reynolds, Register, Etc., 23 Rep., 759; Nichels, Etc. v. Commonwealth, 131 Ky., 75; Steel v. Bryant, etc., 132 Ky., 569.

In view of these authorities, it is not apparent that the Flynn patent was issued in contravention of a state

of case which the statute declares shall render it void, or under such circumstances as the statute declares to be fraudulent; and it being manifest that the patent is not void upon its face, it necessarily follows that appellee, and those jointly interested with him in the ownership of the land in controversy, have title to same under the elder Flynn patent and that the junior patent under which appellant claims title, is void.

In our opinion, appellant has failed to establish his right to the land by possession. There was no actual residence on the land by him, or any tenant of his, at any time, and the occasional cutting of timber thereon by him and occasional turning of his hogs thereon that they might feed upon the mast that fell from the trees, did not constitute actual possession within the meaning of the law. The same is true of the clearing made by appellant of two acres of the land and its cultivation for two years, and the fencing of a part of the land during some of the mast seasons for the purpose of preventing his hogs straying on to the lands of others. This being the essential meaning and effect of the testimony on the question of appellant's possession, it is of a character that falls far short of proof of actual possession, adverse and continuous for fifteen years preceding the institution of the action. There can be no constructive possession of the same land by conflicting claimants in the absence of any actual possession; if there be any constructive possession, it must necessarily be in the holder of the better title unless he renounces it; and to defeat the other title the possession by the junior patentee must not only be within the lap of the patents, but such possession must be shown by positive proof to have been actual, continuous and adverse for a period of fifteen years before the institution of the action, and of such a character as to give a cause of action for every moment of that time. Jones v. McCauley, 2 Duv., 14; Overton v. Overton, 29 Rep., 743; Ashcraft v. Courtney, 24 Rep., 1324; Upchurch v. Sutton Bros., 142 Ky., 420.

As appellant's own evidence failed to establish in him any title or possessory right to the land in controversy, no error was committed by the trial court in peremptorily directing a verdict for the appellee. Wherefore, the judgment is affirmed.